492 Pa. 572 (1981)
424 A.2d 1340
COMMONWEALTH of Pennsylvania, Appellee,
v.
Delmar WASHINGTON, Appellant.
Supreme Court of Pennsylvania.
Argued October 23, 1980.
Decided February 5, 1981.
*573 Walter M. Phillips, Jr., Philadelphia, for appellant.
Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Victor Fortuno, Philadelphia, for appellee.
Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

OPINION
LARSEN, Justice.
In March of 1977, appellant Delmar Washington was tried for homicide; the charges stemming from a murder committed in Philadelphia during the previous year. Appellant was found guilty of murder of the first degree, and the jury found the presence of aggravating circumstances, but not mitigating circumstances, thereby mandating imposition of the death penalty. Act of March 26, 1974, P.L. 213, No. 46, § 3.[1] Following the denial of post-verdict motions, appellant *574 took a direct appeal to this Court. This Court reversed the judgment of sentence and ordered a new trial on the grounds that the jury could have inferred from the testimony of a Commonwealth witness that appellant had been engaged in unrelated prior criminal activity. See, Commonwealth v. Washington, 488 Pa. 133, 411 A.2d 490 (1979).
Appellant was tried again in May of 1980, and the same witnesses that testified for the Commonwealth at appellant's first trial were called by the Commonwealth at this second trial. On cross-examination, appellant's counsel sought to impeach the credibility of two eyewitnesses to the murder with inconsistencies between their present testimony, and the testimony they gave at the first trial and appellant's preliminary hearing. In response, the prosecutor read two pages of the witnesses' testimony from the prior proceedings to the jury during his summation. Appellant's counsel moved for a mistrial on the grounds that much of what had been read by the prosecutor had not been adopted by the witnesses or otherwise incorporated into the record of the second trial. The trial judge noted that the prosecutor had in fact neglected to introduce that testimony into evidence and, after deliberating for a day, granted the motion for a mistrial. Appellant then moved to have the charges against him dismissed, asserting that retrial was barred by the constitutional prohibitions against double jeopardy embodied in the Fifth Amendment to the United States Constitution and Article I, § 10, of the Pennsylvania Constitution. The motion was denied, and an appeal was taken directly to this Court.[2]
Double jeopardy protects a defendant from governmental actions intended to provoke requests for a mistrial. United States v. Dinitz, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976). "It bars retrials where `bad-faith conduct by judge or prosecutor,' (citation omitted) threatens the `[h]arassment of an accused by successive prosecutions or declaration of a mistrial so as to afford the prosecution a more favorable opportunity to convict' the defendant. (citations *575 omitted)." Id. at 611, 96 S.Ct. at 1081, 47 L.Ed.2d at 276. In the instant case, the record is barren of anything which would indicate the presence of either element of this standard  bad-faith conduct, or the intent to cause yet another trial which would afford the Commonwealth a better opportunity to convict appellant.
The prosecutor's reading of portions of the testimony from the prior proceedings which he had neglected to offer into evidence was obviously an attempt to respond to appellant's counsel's cross-examination of the eyewitnesses, and there is no basis whatsoever for concluding that those actions were undertaken in bad-faith. In fact, both the trial judge and appellant's counsel stated on the record that they did not feel the prosecutor had any intention of aborting the trial and causing another. Notes of Testimony, May 30, 1980, p. 833, and Notes of Testimony, July 17, 1980, p. 10. Appellant, in his brief to this Court at page 11, admits the record supports that conclusion, and it is difficult to perceive how he could assert otherwise in the face of the evidence that had been presented by the Commonwealth at this lengthy trial.[3] For, as the judge who heard appellant's motion to dismiss on the grounds of double jeopardy observed:
The prosecution had obtained a conviction of the defendant of first degree murder at the first trial, and had presented equally strong evidence to the jury at the second trial. The prosecution had two eyewitnesses and an independent third witness. The independent witness, who had documentation of collect calls from Kansas, supposedly received an admission from the defendant over the telephone. Thus, the evidence would suggest that the prosecution had a strong case and would not have wanted a mistrial declared.
Opinion of Ribner, J., filed 9/19/80, p. 7. Appellant's claim that retrial is barred by double jeopardy is, therefore, without *576 merit, and the court below was correct in denying appellant's motion to dismiss.
The order is affirmed and the case remanded for further proceedings.
ROBERTS, J., filed a concurring opinion.
ROBERTS, Justice, concurring.
According to the majority, appellant "admits" that the record supports the conclusion that the prosecutor had no "intention of aborting the trial and causing another." To the contrary, in his brief at page 11, appellant states: "Although Judge Latrone may have been correct in concluding that the prosecutor did not intend in bad faith to cause the mistrial, the Commonwealth's conduct generally in this case reflects such a callous disregard for the defendant's right to a fair trial that it amounts to the type of prosecutorial overreaching that should bar the Commonwealth from trying the defendant a third time." That this argument does not concede the absence of bad faith is obvious. That there was, for the second time, prosecutorial misconduct in appellant's case is equally obvious. Nevertheless, because the prosecutor's misconduct in this trial does not rise to a level which would bar appellant's retrial by reason of double jeopardy, see Commonwealth v. Starks, 490 Pa. 336, 416 A.2d 498 (1980), I agree that the order of the court of common pleas must be affirmed.
NOTES
[1] Subsequent to appellant's trial, the death penalty provisions of this Act were held to be unconstitutional in Commonwealth v. Moody, 476 Pa. 223, 382 A.2d 442 (1977). New provisions governing the imposition of the death penalty were enacted by the Act of September 13, 1978, P.L. 756, No. 141, § 1, and are contained in 18 Pa.C.S.A. §§ 1102(a) and 1311.
[2] See Commonwealth v. Bolden, 472 Pa. 602, 373 A.2d 90 (1977).
[3] Jury selection commenced on May 14, 1980, and the first testimony was taken on May 20, 1980. The events which caused the mistrial did not occur until May 29, 1980.