428 A.2d 231

**COMMONWEALTH of Pennsylvania**

v.

**Alan James RAVERT, Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1980.

Filed April 3, 1981.

Charles P. Gelso, Wilkes-Barre, for appellant.

Chester B. Muroski, District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before SPAETH, BROSKY and VAN der VOORT, JJ.

PER CURIAM:

Appellant was charged with possession and delivery of a controlled substance—marijuana. A preliminary hearing was held at which Ravert asserts the Commonwealth failed to establish by evidence the essential elements of the crime. Additionally, Ravert claims the Commonwealth failed to show the appellant was not a person who was registered under the Controlled Substance Act[1] or licensed by the appropriate state board.

Ravert moved to quash the indictment at the end of the presentation of the Commonwealth's case. The trial court reviewed and denied the appellant's application to quash the proceedings. From this determination, the appellant has appealed.

1. 35 P.S. § 780–113(a)(30).

■ The matter before this court is the appealability of the trial court's decision to deny the appellant's motion. Generally, a defendant may not appeal until sentence has been imposed. *Commonwealth v. Myers*, 457 Pa. 317, 322 A.2d 131 (1974). An appeal will be allowed where the grounds upon which it is founded include a claim that the defendant is being placed in double jeopardy. *Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977). This court has also held that an appeal may be taken where "exceptional circumstances" are presented. *Commonwealth v. Warfield*, 424 Pa. 555, 227 A.2d 177 (1967).

■ In the instant case, none of the circumstances where an appeal may be taken which would otherwise be interlocutory exist. Thus, in view of our decision that this appeal is interlocutory, we express no view as to the correctness of the opinion of the trial court.

Appeal quashed and this matter is remanded for trial without prejudice to the parties.