428 A.2d 650

**In the Interest of GEORGE S., III.**

**Appeal of GEORGE S., III.**

Superior Court of Pennsylvania.

Argued June 12, 1980.

Filed April 20, 1981.

Petition for Allowance of Appeal Denied Aug. 26, 1981.

218

F. Michael Friedman, Media, for appellant.

Kristine F. Hughey, Assistant District Attorney, Media, for Commonwealth, participating party.

Before BROSKY, HOFFMAN and CIRILLO, JJ.*

BROSKY, Judge:

In June, 1979, appellant, George S., III, a juvenile was arrested and charged with having committed certain delinquent acts.[1]  Following the filing of several petitions alleging delinquency, a hearing was held in juvenile court on July 3, 1979.  Although there was some uncertainty at the beginning of the proceeding as to whether it was for transfer of

* Judge Vincent A. Cirillo of the Court of Common Pleas of Montgomery County, Pennsylvania is sitting by designation.

1. The acts alleged consist of rape, indecent assault, indeviate sexual assault [sic], simple assault, aggravated assault, and possession of instruments of crime.

adjudication, the hearing judge, after making findings in accordance with 42 Pa.C.S.A. § 6355, entered an order transferring the case to the criminal division.

Following the transfer order, the district attorney filed criminal informations, and the juvenile filed omnibus pretrial motions to dismiss on the ground that he would be twice placed in jeopardy by adult criminal proceedings. Subsequently, the criminal division entered an order stating that to try appellant would place him twice in jeopardy but stating also that "we do not agree that the Defendant should be 'discharged' from the above Informations and also on the Juvenile Complaints." It ordered that the informations be quashed and the transfer order revoked and that the defendant be remanded to the juvenile division. The juvenile then filed a motion to dismiss on double jeopardy grounds. On October 30, 1979, a hearing on defendant's motion was held and it was denied. The hearing judge, asked by the Commonwealth to make a final determination based upon the notes of testimony of the July 3 hearing, decided not to proceed with the matter after being informed by defense counsel that counsel intended to take an immediate appeal to the Superior Court on the double jeopardy issue. This appeal followed.

The issue for our determination is whether further proceedings in the juvenile court would place the appellant twice in jeopardy. The court below, in denying defendant's motion to dismiss, held that he had not been exposed to double jeopardy. We affirm.

Before we can address the merits of the instant appeal, we must first determine whether the matter is properly before us at this time. The Commonwealth contends that the order appealed from is interlocutory in nature. It is axiomatic that only final orders are appealable to our court. 42 Pa.C.S.A. § 742.

In *Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977), our Supreme Court held that where a motion alleging the ground of double jeopardy is denied, the order is final

and hence, appealable. Balancing the interests of the finality rule against the need for immediate review, the court in *Bolden* found that the need for immediate appellate review took precedence in the factual situation before it. *Bolden* dealt with an appeal which was taken prior to judgment of sentence being imposed. Under the Juvenile Act,[2] disposition is analogous to the imposition of sentence by the criminal division, since one of the dispositional options is placement of the juvenile in a youth correctional facility.[3] Disposition, therefore, may result in the deprivation of liberty for many years.

In *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), decided two months after *Bolden*, the United States Supreme Court held that a criminal defendant is entitled to have an appellate court rule on his double jeopardy claim in advance of trial, stating that "If a . . . defendant is to avoid *exposure* to double jeopardy and thereby enjoy the full protection of the Clause, his double jeopardy challenge . . . must be reviewable before that subsequent exposure occurs." Id. at 661–662, 97 S.Ct. at 2041 (emphasis in original).

■ Therefore, we hold that the order denying appellant's motion to dismiss on double jeopardy grounds is appealable. By so holding, we are ensuring that appellant's rights will not be forfeited. See *Commonwealth v. Bolden*, supra.

■ We now turn to the merits of the appeal *sub judice*. Appellant argues that when the July 3 hearing began, he was exposed to the risk of being adjudicated a delinquent which risk constitutes "jeopardy" under both the Pennsylvania and United States Constitutions.[4] The subsequent transfer to adult court did not, he maintains terminate that risk. Upon remand back to the juvenile court, he asserts, he is

2. 42 Pa.C.S.A. § 6301 et seq.

3. 42 Pa.C.S.A. § 6352(a)(3).

4. Pennsylvania Constitution, Art. 1, § 10. U.S. Constitution, Amendment V, as applied to the states through the Fourteenth Amendment.

again faced with the risk of being found delinquent and, therefore, if further proceedings are held, he will be twice placed in jeopardy. Appellant relies heavily upon the case of *Breed v. Jones*, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975), to support his position.

In *Breed*, arising in California, a petition was filed in juvenile court alleging that defendant was a person described by the California Welfare and Institutions Code § 602 (1966),[5] in that he had committed acts which, if committed by an adult, would constitute the crime of robbery. An adjudicatory hearing was held, at which the court found that the allegations in the petition were true and that defendant was a person described by § 602 and sustained the petition.

At a hearing two weeks later, the court indicated its intention to find the defendant not amenable to the treatment available through the juvenile court system. The court thereafter declared defendant "unfit for treatment as a juvenile" and ordered that he be prosecuted as an adult. Defendant thereafter sought habeas corpus relief in the juvenile court, the California Court of Appeals and the state Supreme Court on the ground of double jeopardy which relief was denied.

After a preliminary hearing, defendant was ordered held for trial in Superior Court, where an information charging him with robbery was filed. He entered a plea of not guilty and also pleaded double jeopardy. The court, after hearing, found him guilty of robbery and ordered that he be committed to the California Youth Authority. Following the filing of a petition in the District Court for habeas corpus and the reversal by the Court of Appeals of the District Court's denial of the petition, the United States Supreme Court granted certiorari to decide "whether the prosecution of

5. Section 602 provided:
   "Any person under the age of 21 years who violates any law of this state . . . is within the jurisdiction of the juvenile court, which may adjudge such person to be a ward of the court."

respondent as an adult, after juvenile court proceedings which resulted in a finding that respondent had violated a criminal statute and a subsequent finding that he was unfit for treatment as a juvenile, violated the Fifth and Fourteenth Amendments to the United States Constitution." Id. at 520, 95 S.Ct. at 1781.

The court held that the defendant was placed in jeopardy at the adjudicatory hearing in juvenile court and that the subsequent prosecution in adult court placed him twice in jeopardy for the same offense. It stated:

> We believe it is simply too late in the day to conclude . . . that a juvenile is not put in jeopardy *at a proceeding whose object is to determine whether he has committed acts that violate a criminal law* and whose potential consequences include both the stigma inherent in such a determination and the deprivation of liberty for many years.

Id. at 529, 95 S.Ct. at 1785 (emphasis added).

The court in *Breed* was addressing itself to a situation in which an adult criminal trial was held after an adjudicatory proceeding in juvenile court at which a juvenile was found to have committed acts which violated state criminal law. We are not confronted with such a factual situation in the case at bar. Instead, we are faced with a situation in which a hearing was held in juvenile court in accordance with the transfer provision of the Juvenile Act,[6] resulting in the court ordering the juvenile transferred to adult court following which the adult court declined to hear the case and thus remanded it back to the juvenile court for a final determination. This is a far different situation from that posed in *Breed*.

In *Breed*, an adjudication was made in juvenile court that defendant had committed robbery. A criminal trial was then held in which defendant was found to have committed robbery. Thus, he had been twice placed in jeopardy for the

6. 42 Pa.C.S.A. § 6355.

same offense, jeopardy having attached at the adjudicatory hearing.

Here, no adjudication was made of appellant by the juvenile court judge. Rather, the judge found, in accordance with Section 6355, that there was a prima facie case that appellant had committed the delinquent acts alleged; that these acts would be considered felonies if committed by an adult; and that there were reasonable grounds to believe the following: that appellant was not amenable to treatment, supervision or rehabilitation as a juvenile, that he was not committable to an institution for the mentally retarded or mentally ill, and that the interests of the community required that he be placed under legal restraint. In doing so, he considered appellant's age, mental capacity, previous record, and other relevant evidence, including evidence that he had committed the acts alleged. With regard to the latter, we wish to note that the Supreme Court stated in the *Breed* case that

> [N]othing decided here today forecloses states from requiring, as a prerequisite to the transfer of a juvenile, substantial evidence that he committed the offense charged....

Id. at 538, n. 18, 95 S.Ct. at 1790, n. 18.

Even though there may have been some uncertainty at the commencement of the July 3 hearing as to whether it was for purposes of transfer or adjudication, it is clear that the evidence cited by the judge in his concluding comments corresponds to the requirements set out in the transfer section of the Act, and that the entry of the transfer order was the official action of the court, despite any remarks to the contrary earlier in the proceedings. It is equally clear that the judge, being very experienced in the law of juvenile proceedings, knew the difference between transfer and adjudication and conducted the proceeding as a transfer hearing.

■ We hold that it is still permissible, after *Breed*, for a juvenile to be tried in adult court following a transfer hearing in juvenile court.

The effect of *Breed v. Jones* is not to prohibit trial in the adult court of any individual who was first subjected to *any* juvenile proceedings. . . . Rather, the effect of that case is to prohibit trial in the [adult court] only if those individuals who have previously been subjected to *adjudicatory* juvenile delinquency proceedings in the [juvenile court].

*Stokes v. Commonwealth*, 368 Mass. 754, 761, 336 N.E.2d 735, 740 (1975). (Emphasis in original.)

Because we find that the juvenile court did not, on July 3, adjudicate appellant, we hold that remand for further proceedings in the juvenile court would not have the effect of placing appellant twice in jeopardy. Although we hold that there is no double jeopardy here, we wish to note nonetheless that the *Breed* case itself acknowledges that in some instances an exception in the context of the juvenile court system to the prohibition against double jeopardy may be justified

[b]y interests of society, reflected in that unique institution, or of juveniles themselves, of sufficient substance to render tolerable the costs and burdens . . . which the exception will entail in individual cases.

Id. 421 U.S. at 534–535, 95 S.Ct. at 1788.

Here, appellant was fifteen years old at the time he was charged, *inter alia*, with the rape of a ninety-one year old woman. If he is found to have committed the acts alleged, it is clear that both the interests of society in being protected from such behavior, and the interests of the juvenile here, would be served by his receiving treatment, supervision or rehabilitation.

By reason of the foregoing, we agree that a determination should now be made on appellant's charges of delinquency, following which disposition should be made in accordance with 42 Pa.C.S.A. § 6352.

Affirmed.