439 A.2d 795

**COMMONWEALTH of Pennsylvania,**

v.

**Richard Allen KERN, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 2, 1980.

Filed Jan. 8, 1982.

152

Richard J. Orloski, Allentown, for appellant.

Michael E. Moyer, Assistant District Attorney, Allentown, for Commonwealth, appellee.

Before HESTER, CAVANAUGH and VAN der VOORT, JJ.

HESTER, Judge:

The appellant was convicted of numerous summary offenses before a District Magistrate. He filed a timely appeal to the Court of Common Pleas of Lehigh County. The appellant also filed a Motion to Dismiss the prosecution, alleging that the action had not been properly instituted pursuant to Pennsylvania Rule of Criminal Procedure 51, 42 Pa.C.S.A., in that the district magistrate had issued a cita-

tion to him rather than a summons. See *Commonwealth v. Shelton*, 260 Pa.Super. 82, 393 A.2d 1022 (1978). Said Motion to Dismiss was entertained by the lower court immediately prior to the scheduled hearing *de novo*, on March 21, 1979, at which time the court ordered that the charges against the appellant be dismissed because the Commonwealth could not establish that a summons had been issued. The Commonwealth filed a petition to rescind the Order of March 21, 1979, alleging that the parties had mistaken the facts and that a summons had been properly issued to appellant. On April 2, 1979, the lower court issued a Rule on the appellant to show cause why the Order should not be rescinded. Neither the Commonwealth nor the appellant ever appealed the Order of March 21, 1979.

On February 27, 1980, the lower court entered an Order granting the Commonwealth's Petition to Rescind the Order of March 21, 1979, on the basis of the testimony of the district magistrate to the effect that a summons had, in fact, been issued to the appellant on July 12, 1978. The lower court held that it had jurisdiction to review the Order of March 21, 1979 and that the defense of double jeopardy did not apply.

On March 17, 1980, the appellant filed a Notice of Appeal, and on April 2, 1980, the lower court stayed further proceedings below pending the disposition of this Appeal.

The appellant raises numerous issues on appeal, including the following: (1) was the Order of February 27, 1980, which dismissed the appellant's defense of double jeopardy, a final appealable Order; (2) was the Order of February 27, 1980 appealable as an interlocutory appeal as of right, pursuant to Pennsylvania Rule of Appellate Procedure 311(a)(5), 42 Pa.C.S.A.; (3) did the lower court have jurisdiction to rescind its Order of March 21, 1979; (4) as a result of the rescission of the Order of March 21, 1979, was the appellant placed in double jeopardy.

For the reasons stated below, we affirm the lower court's Order of February 27, 1980, and remand for further proceedings.

■ We initially hold that the Order of February 27, 1980 was a final Order, within the scope of our exclusive appellate jurisdiction. 42 Pa.C.S.A. Section 742. In his answer to the Commonwealth's Petition to Rescind the Order of March 21, 1979, the appellant raised the defense that any subsequent prosecution concerning the same criminal charges constitutes double jeopardy under the Pennsylvania and United States Constitutions.

The lower court held: "further proceedings are not barred by the Double Jeopardy Clause:

'[I]t is axiomatic that in order to prevail on a plea of double jeopardy, the defendant must establish that he has already been once placed in jeopardy. In a jury case, jeopardy does not attach until the jury has been empaneled and sworn; and in a non-jury case, jeopardy attaches when the accused has been subjected to a charge and the Court has begun to hear evidence.'

*Commonwealth v. Smith*, 232 Pa.Super. 546, 548–49, 334 A.2d 741, 742 (1975)."

Therefore, the lower court entertained and dismissed the appellant's defense of double jeopardy.

Under the circumstances of this case, this dismissal constitutes a final order subject to our review. *Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90, 95 (1977); *Commonwealth v. Haefner*, 473 Pa. 154, 373 A.2d 1094, 1095 (1977); *Commonwealth v. Starks*, 490 Pa. 336, 416 A.2d 498, 499 (1980); *Commonwealth v. Klinger*, 264 Pa.Super. 21, 398 A.2d 1036, 1038 (1979); *Commonwealth v. Meekins*, 266 Pa.Super. 157, 403 A.2d 591, 592 (1979); *Commonwealth v. Clark*, 287 Pa.Super. 380, 430 A.2d 655, 657 (1981). The dismissal of the defense of double jeopardy is a final appealable Order because "the practical effect of the Order will be irreparable by any subsequent appeal." *DiBella v. United States*, 369 U.S. 121, 126, 82 S.Ct. 654, 657, 7 L.Ed.2d 614 (1962).

The Supreme Court of Pennsylvania has held that the purpose of the Double Jeopardy Clause mandates that a defendant who has a meritorious claim, must have an effective procedural means of vindicating his constitutional right

to be spared an unnecessary trial. *Commonwealth v. Bolden*, supra. In the instant case, the appellant claims that he has been placed in double jeopardy because the Order of March 21, 1979, which dismissed the charges against him, was subsequently rescinded by the lower court. Under these circumstances, the appellant should have an effective procedural means of vindicating his constitutional right not to be subjected to double jeopardy, so as to possibly avoid the necessity of enduring trial.[1]

Since we hold that the Order of February 19, 1980 constitutes a final appealable order, for the purposes of the Judicial Code, 42 Pa.C.S.A. Section 742, we will not consider whether said Order is appealable, as an interlocutory appeal as of right, pursuant to Pennsylvania Rule of Appellate Procedure 311(a)(5).[2]

■   Although this matter is properly before this Court on appeal, we hold that the appellant has not been placed in double jeopardy as a result of the rescission of the Order of March 21, 1979. On March 21, 1979, the lower court dismissed the charges against the appellant, as a result of its mistaken belief that he had not properly been issued a summons. However, the lower court never actually reached the merits of the case, nor did the lower court ever begin to hear the substantive evidence. *Commonwealth v. Mitchell*, 262 Pa.Super. 268, 396 A.2d 748, 751 (1978); *Commonwealth v. Carson*, 259 Pa.Super. 183, 393 A.2d 778, 781 (1978); *Smith*, supra, *Commonwealth v. Culpepper*, 221 Pa.Super. 472, 293 A.2d 122, 123 (1972).

The double jeopardy prohibition of the Federal Constitution "... protects against a second prosecution for the same

1.   The appellant also contends that he was placed in double jeopardy since he was initially tried for the various summary offenses before a district magistrate. Although we do not reach the merits of this contention, we note that this argument is spurious and does not constitute a meritorious claim.

2.   Because of our disposition of this case, we will similarly not address other issues raised by the appellant.

offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishment for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). *Commonwealth v. White*, 264 Pa.Super. 495, 400 A.2d 194 (1979); *Commonwealth v. Brown*, 455 Pa. 274, 314 A.2d 506 (1974); *Commonwealth v. Silverman*, 442 Pa. 211, 275 A.2d 308 (1971), cert. denied 405 U.S. 1064, 92 S.Ct. 1490, 31 L.Ed.2d 794.

The appellant, in the instant case, was never acquitted or convicted of the charges after an evidentiary hearing by the lower court.[3] Since the lower court initially dismissed the charges, without ever hearing any evidence, the appellant was not placed in jeopardy for the offense. He was never, in fact, tried before the lower court.[4]

■ Finally, the lower court had jurisdiction to rescind its Order of March 21, 1979, pursuant to 42 Pa.C.S.A. Section 5505, which states: "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any Order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such Order has been taken or filed."

In the instant case, the lower court issued a Rule upon appellant to show cause why the Order of March 21, 1979 should not be rescinded, within 30 days of its entry. The lower court had express statutory jurisdiction to modify or

---

**3.** As noted earlier, the appellant was found guilty before the district magistrate. However, since the appellant filed a timely appeal to the lower court, *de novo*, he may not legitimately argue a violation of double jeopardy. *Commonwealth v. Thomas*, 448 Pa. 42, 292 A.2d 352 (1972).

**4.** The appellant claims that he was tried "*in absentia*" on March 27, 1980, ten days after the filing of the Notice of Appeal to this Court. Although we do not reach this issue, we note that our review of the record indicates that, on April 2, 1980, the lower court stayed all further proceedings pending disposition of this appeal, as of the filing of the Notice of Appeal on March 17, 1980.

rescind its Order, which is not inconsistent with the jurisdiction of this Court, pursuant to 42 Pa.C.S.A. Section 742.

Order Affirmed and the case remanded for further proceedings.

CAVANAUGH, J., files a dissenting opinion.

CAVANAUGH, Judge, dissenting:

With all due respect, I must reject the majority's application of *Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977), as both untenable and unwise. I would instead hold that the February 27, 1980 order was interlocutory and must, therefore, be quashed. *See Commonwealth v. Ravert*, 286 Pa.Super. 46, 428 A.2d 231 (1981) (denial of appellant's motion to quash indictment at end of Commonwealth's case at preliminary hearing interlocutory and not appealable).

A brief reiteration of the procedural history will illustrate the inappropriateness of the present appeal at this juncture. Appellant timely appealed for a trial *de novo* before the Lehigh County Common Pleas Court after his conviction of summary offenses before a District Magistrate. Prior to the scheduled *de novo* trial, appellant moved to dismiss the prosecution because of an alleged violation of Pa.R.Crim.P. 51. The lower court agreed and, on March 21, 1979, dismissed the charges against appellant. Immediately thereafter, the Commonwealth filed a petition to rescind that order on the grounds that it was based on mistaken facts. In response, appellant claimed that (a) the court lacked jurisdiction to reverse its dismissal order, and (b) a trial *de novo* was barred by double jeopardy.

On February 27, 1980, the court granted the Commonwealth's petition and reversed its March 21, 1979, dismissal order. The court also held that it had jurisdiction to review its earlier order and that appellant's defense of double jeopardy was inapplicable because appellant had never been

brought to trial. Appellant, on March 17, 1980, appealed to this court from the February 27, 1980 order. In a *per curiam* order of June 6, 1980, we denied the Commonwealth's April 1, 1980 motion to quash appellant's appeal without prejudice to the parties' rights to argue the jurisdictional propriety of this appeal.[1]

Turning now to the issue herein raised, I must disagree with the majority that *Bolden* requires the resolution of appellant's double jeopardy claim. The double jeopardy prohibition of the Federal Constitution ". . . protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishment for the same offense." (Opinion of Hester, J. at 797; citations omitted). Accordingly, the Supreme Court in *Bolden* stated:

> We hold that the denial of a pre-trial application to dismiss an indictment on the ground that the scheduled trial will violate the defendant's right not to be placed *twice in jeopardy* may be appealed before the new trial takes place. Once a defendant is erroneously subjected to *another* prosecution, neither an acquittal nor appellate reversal of a conviction is sufficient to vindicate his constitutional right not to be placed twice in jeopardy. We conclude that the right to be free from *multiple prosecution*, embodied in the double jeopardy clause, can be adequately protected only by permitting an immediate appeal from a trial court's denial of relief.

472 Pa. at 609, 373 A.2d at 93 (emphasis added). Applying *Bolden*, our appellate courts have frequently entertained appeals which have alleged that reprosecution will violate double jeopardy. *See, e. g., Commonwealth v. Sample*, 493

1. Although this issue is not properly before us, the briefs indicate that, subsequent to his filing of the March 17, 1980 notice of appeal to this court, appellant was tried and convicted of the instant charges in Common Pleas Court. If this information is accurate, that proceeding would appear to be a nullity. Pa.R.A.P. 1701(a). See *Commonwealth v. Borris*, 280 Pa.Super. 369, 421 A.2d 767 (1980).

Pa. 347, 426 A.2d 582 (1981); *Commonwealth v. Washington*, 492 Pa. 572, 424 A.2d 1340 (1981). Those appeals, however, have involved matters in which there has been a prior proceeding at which jeopardy has already attached.

We have said that:

it is axiomatic that in order to prevail on a plea of double jeopardy the defendant must establish that he has already been once placed in jeopardy. In a jury case, jeopardy does not attach until the jury has been impaneled and sworn; and in a non-jury case, jeopardy attaches when the accused has been subjected to a charge and the court has begun to hear evidence.

*Commonwealth v. Smith*, 232 Pa.Super. 546, 548–549, 334 A.2d 741, 742 (1975). Consequently, where jeopardy has not attached *ab initio*, there can be no viable subsequent claim of double jeopardy. *Compare In The Interest of George S., III*, 286 Pa.Super. 217, 428 A.2d 650 (1981) (order denying motion to dismiss on double jeopardy grounds appealable in case where appellant was transferred by juvenile court to adult court and then returned to juvenile court; the court held that the remand for further juvenile court proceedings would not place appellant twice in jeopardy because there had been no prior adjudicatory proceeding in juvenile court).

Here, appellant has never been once placed in jeopardy for these crimes.[2] I, therefore, cannot go along with the majority's conclusion that the February 27, 1980 order constitutes a final appealable order within the meaning of 42 Pa.C.S.A. § 742. Simply because appellant has labeled his appeal as a "double jeopardy" claim does not make it cognizable, particularly where an examination of the procedural history makes clear that such a claim is inappropriate at this juncture. Because I do not read *Bolden* so broadly as to encompass the instant appeal, I would order it quashed and remand this matter for trial.

**2.** I agree with the majority that appellant's initial trial and conviction before a District Magistrate does not raise a meritorious double jeopardy issue.