J.S52004/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :    IN THE SUPERIOR COURT OF
                                                        :             PENNSYLVANIA

                Appellee         :

                                                 :

           v.                         :

                                                 :

DARYL LOCKE,                     :

                                                 :

               Appellant       :       No. 20 EDA 2013

Appeal from the PCRA Order November 16, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division No(s).: CP-51-CR-0801831-2003
CP-51-CR-0801841-2003

BEFORE: GANTMAN, P.J., ALLEN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED OCTOBER 14, 2014**

*Pro se* Appellant, Daryl Locke, appeals from the order entered in the Philadelphia County Court of Common Pleas dismissing his timely first Post Conviction Relief Act[1] ("PCRA") petition. He raises numerous claims of constitutional error, trial court error, and ineffective assistance of counsel. We affirm.

We state the facts as set forth by a prior panel of this Court:

> The two victims in this case are the minor son and daughter of Appellant's girlfriend, Y.K. Appellant resided with the victims and Y.K., and during this time, Appellant

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9545.

sexually abused the victims with oral, vaginal, and anal penetration. The eleven year old female victim, S.I., testified that when she was seven years old Appellant began to sexually abuse her. This occurred more than twenty times. S.I.'s thirteen year old brother, K.F., also testified to being sexually abused numerous times by Appellant. K.F. testified to witnessing a naked Appellant on top of his sister with his penis in her anus. Both children testified that Appellant would use vegetable oil as a lubricant while sexually abusing them and that Appellant also ordered them not to tell anyone about these acts.

After Appellant ended his relationship with Y.K. and moved out of her house, the victims informed their cousin of the sexual abuse. The cousin informed her mother, who in turn informed Y.K. of the abuse. Y.K. questioned the victims about the sexual abuse and K.F. informed Y.K. about the sexual abuse and told her that Appellant threatened to kill Y.K. if K.F. spoke about the sexual abuse.

Several months after Y.K. learned of the abuse, she took the victims to the hospital and reported the sexual abuse to the Department of Human Services (DHS). Prior to Appellant's trial, the Commonwealth moved for admission of evidence of prior bad acts consisting of testimony from J.H. She claimed that Appellant raped her about five times in 1995 when she was approximately ten years old. This sexual abuse occurred in a manner consistent with the sexual abuse of S.I. and K.F. The court ruled the evidence could be presented on rebuttal.

During Appellant's trial, Doctor Phillip Spandorfer testified that, although the victims' medical examinations were normal, that finding was not inconsistent with child sexual abuse. He testified this finding was due in part to the age of the children, the lubricant used during the abuse, and the time of the examination in relation to the relatively short period it takes for cuts, scars, and fissures to heal.

During cross-examination of the victims and Y.K., defense counsel chipped away at their credibility by use of a defense theory asserted in defense counsel's opening

argument which alleged that Y.K. had manipulated her children into creating a story of abuse so that Y.K. might get the social security check of Appellant's youngest biological daughter. In light of this cross-examination and citing fairness as the reason, the trial court ruled that the Commonwealth could present its prior bad act evidence of J.H. as part of its case-in-chief and did not have to reserve it for rebuttal. The trial court gave a cautionary instruction. Appellant did not object to the cautionary instruction given to the jury explaining the nature of J.H.'s proposed testimony. Robert Moultrie of DHS then testified that in 1995 J.H. reported that Appellant raped her; however, the police were never notified of the report.

Appellant was convicted of the offenses *supra*, and the trial court sentenced Appellant on August 22, 2005 to concurrent terms of incarceration of seven to fourteen years for rape and involuntary deviate sexual intercourse, and a consecutive sentence of incarceration of four and one half to nine years for aggravated indecent assault. Post-sentence motions were dismissed by operation of law on December 19, 2005, and Notice of Appeal was filed by Appellant on January 17, 2006. Pursuant to the Trial Court's Order dated June 1, 2006, a timely Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) was filed on June 14, 2006. The trial court filed a responsive opinion.

Appellant first claims prosecutorial misconduct during both the Commonwealth's questioning of a witness and the Commonwealth's closing argument. Specifically, Appellant challenges the following seven comments which were made by the Commonwealth: 1) alluding to defense counsel as a "public defender" while questioning a witness; 2) "DHS failed the child witnesses and the jury should step up and not fail them"; 3) "that the bad act evidence against defendant was founded and that DHS screwed up by not making a referral of the J.H. claims to the police"; 4) "that defendant was an experienced sexual predator"; 5) "that defendant's demeanor showed he was guilty"; 6) "that children cannot be consistent with a fabricated story"; and 7) "that K.F. must be telling the truth because no male would admit to homosexual rape unless the act had actually occurred."

\*    \*    \*

> The final issue before this Court is whether the trial court erred in admitting testimony of Doctor Phillip Spandorfer.  Appellant contends that the witness's testimony was irrelevant and contained hearsay and, therefore, a new trial is required.  We find this issue to be waived.

***Commonwealth v. Locke***, 190 EDA 2006, slip op. at 1-4, 13 (Pa. Super. Dec. 18, 2007) (unpublished memorandum).  The Superior Court affirmed Appellant's judgment of sentence on December 18, 2007, and he did not file a petition for allowance of appeal with our Supreme Court.

On October 27, 2008, the court docketed Appellant's *pro se*, timely first PCRA petition and docketed Appellant's *pro se* amended PCRA petition on December 12, 2008.  The court appointed counsel, who entered her appearance on March 4, 2009.  Appellant filed a *pro se* petition to withdraw court-appointed counsel on May 13, 2009.  The court docketed Appellant's *pro se* second amended PCRA petition on May 22, 2009.

According to the docket, on February 22, 2010, Appellant's appointed PCRA counsel was permitted to withdraw.  The next day, the court appointed new PCRA counsel, who entered his appearance.  On March 26, 2010, the court docketed Appellant's *pro se* petition to withdraw this new counsel.  On

- 4 -

September 9, 2010, the court held a ***Grazier***[2] hearing, at which the court ruled Appellant could represent himself *pro se*.

On November 15, 2010, the court docketed Appellant's *pro se* third amended PCRA petition, and on January 12, 2011, the court docketed Appellant's fourth *pro se* amended PCRA petition. On January 20, 2011, the court docketed Appellant's fifth and sixth *pro se* amended PCRA petitions.

On July 30, 2012, the Commonwealth moved to dismiss Appellant's PCRA petition. On August 14, 2012, the court issued a Pa.R.Crim.P. 907 notice. On September 4, 2012, the court docketed Appellant's response to the Rule 907 notice, and on October 12, 2012, the court docketed Appellant's answer to the Commonwealth's July 30, 2012 motion to dismiss.

Also on October 12, 2012, the court signed an order dismissing Appellant's PCRA petition; the order, however, was not docketed and served on the parties until November 16, 2012.[3] Appellant timely appealed on December 13, 2012. The court did not order Appellant to file a Pa.R.A.P. 1925(b) statement, but filed a Rule 1925(a) opinion.

Appellant raises the following issues in his brief:[4]

---

[2] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

[3] Meanwhile, also on November 16, 2012, the court docketed Appellant's *pro se* petition for vacation of judgment. The PCRA court did not rule on Appellant's petition prior to Appellant filing his notice of appeal.

[4] Because Appellant's statement of issues presented does not correspond with the issues raised in the argument section of his brief, we reproduce the

- 5 -

1. The lower court erred in not holding [a] hearing on [Appellant's] claim of lack of [in] personam jurisdiction.

2. The lower court erred in not holding [a] hearing on claim of defective complaints.

3. The lower court erred in not holding [a] hearing of [sic] ineffectiveness of trial counsel in relation to denial of [Appellant's Pa.R.Crim.P.] 600 motion.

4. The lower court erred in not holding [a] hearing on ineffectiveness claim of trial counsel in relation to investigation of prior bad acts.

5. The trial court erred in not holding [a] hearing on [Appellant's] challenge to the constitutionality of the prior bad acts itself.

6. The lower court erred in not holding [a] hearing on [Appellant's] two additional claims [of admission of prior bad acts evidence and] Commonwealth's failure to sufficiently advise [A]ppellant of the charges against him.

7. The lower court erred in not holding [a] hearing on ineffectiveness claim of counsel, failing [sic] to ask for mistrial.

8. The lower court erred in not holding [a] hearing on ineffectiveness regarding failure to object to improper expert testimony [by Dr. Spandorfer].

9. The lower court erred in not holding [a] hearing on ineffectiveness of appellate counsel's failure to sufficiently or adequately develop claims of [prosecutorial] misconduct for appellate review.

---

latter.  **_See Commonwealth v. Rivera_**, 685 A.2d 1011, 1013 (Pa. Super. 1996) (noting courts are generally "willing to liberally construe materials filed by a _pro se_ litigant").

Appellant's Brief at 6, 11, 14, 18, 20, 24-26, 37, 41 (reordered to facilitate disposition).

We summarize the arguments for all of his issues. Appellant contends that the Commonwealth lacked the authority to prosecute him because a grand jury did not indict him. He claims Section 10 of Article I of the Pennsylvania Constitution is inconsistent because it mandates indictment but also permits trial courts to initiate criminal proceedings by information. Appellant thus opines that because he was not indicted by a grand jury and was charged by information, his due process rights were violated. He maintains the complaints were defective for lack of a seal.

Appellant also argues that trial counsel was ineffective by not appealing the denial of his pretrial motion to be released on bail pursuant to Pa.R.Crim.P. 600(B). He insists trial counsel was ineffective for failing to investigate the prior bad acts. Appellant challenges the constitutionality of the prior bad acts evidence. He asserts the PCRA court should have held a hearing on whether the trial court erred by admitting the prior bad acts into evidence and not advising him of the charges. Appellant suggests trial counsel was ineffective by not explicitly moving for a mistrial and not objecting to the expert testimony of Dr. Spandorfer. He states his direct appeal counsel was ineffective by inadequately developing arguments supporting his claims on direct appeal. Those claims, Appellant argues, include alleged improper remarks during the Commonwealth's closing

arguments, vouching for witnesses' credibility, and mischaracterization of Appellant as an experienced sexual assaulter of children. We hold Appellant is due no relief.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1267 (Pa. 2008).

> [C]ounsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her conduct; and (3) Appellant was prejudiced by counsel's action or omission. To demonstrate prejudice, an appellant must prove that a reasonable probability of acquittal existed but for the action or omission of trial counsel. A claim of ineffective assistance of counsel will fail if the petitioner does not meet any of the three prongs. Further, a PCRA petitioner must exhibit a concerted effort to develop his ineffectiveness claim and may not rely on boilerplate allegations of ineffectiveness.

*Commonwealth v. Perry*, 959 A.2d 932, 936 (Pa. Super. 2008) (punctuation marks and citations omitted).

After careful review of the record, the parties' briefs, and the well-reasoned decision by the Honorable Denis P. Cohen, we affirm on the basis of the PCRA court's opinion. *See* PCRA Ct. Op., 12/26/13, at 4-15 (holding: Appellant failed to establish court lacked jurisdiction over him and invalidity

of complaints;[5] no relief could be granted for denial of Appellant's pretrial Rule 600 motion to be released on bail; Appellant did not establish prejudice by trial counsel's alleged ineffectiveness by not interviewing J.H.'s relatives; trial counsel asked for a mistrial; Dr. Spandorfer was accepted as an expert witness; and allegations of prosecutorial misconduct during closing arguments were meritless). By extension, Appellant's derivative claims of appellate counsel's alleged ineffectiveness also fail as trial counsel is not ineffective. We also note that to the extent Appellant challenges the introduction of the prior bad acts into evidence, his arguments were raised or could have been raised on direct appeal and thus are not cognizable under the PCRA. *See* 42 Pa.C.S. § 9543(a)(3). Finally, even if trial counsel did not ask for a mistrial, Appellant did not establish that but for counsel's omission, the outcome would have been different. Accordingly, having discerned no basis for relief, we affirm the order below. *See Abu-Jamal*, 941 A.2d at 1267.

Order affirmed.

---

[5] We note that although constitutional issues are subject to waiver, a lack of jurisdiction is a basis for PCRA relief. *See* 42 Pa.C.S. § 9543(a)(2)(viii). Because the Commonwealth did not contend Appellant's jurisdictional issue is waived, we resolve it on the merits. *Cf. Commonwealth v. Butler*, 566 A.2d 1209, 1211 (Pa. Super. 1989) (holding defendant's trial counsel was ineffective by failing to object to trial court's jurisdiction).

J. S52004/14

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2014