J-S34035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAVID MANNING STODGHILL | |
| Appellant | No. 1911 MDA 2014 |

Appeal from the Order Entered October 2, 2014
In the Court of Common Pleas of Cumberland County
Criminal Division at No: CP-21-CR-0001529-1995

BEFORE: BOWES, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED SEPTEMBER 08, 2015**

Appellant, David Manning Stodghill, appeals *pro se* from the October 2, 2014 order of the Court of Common Pleas of Cumberland County denying his "Motion to Vacate Conviction." Upon review, we affirm.

The underlying facts of the case are as follows. On August 12, 1995, Appellant pled guilty to indecent assault (18 Pa.C.S.A. § 3126) following an incident involving an 11-year-old victim. On December 12, 1995, Appellant was sentenced to five to twenty-three months' incarceration in the Cumberland County Prison.

On August 18, 2014, Appellant filed a motion with the trial court arguing the record appeared inconsistent as to whether he was convicted under Section 3126(a)(1) (without victim's consent) or Section 3126(a)(6) (victim with mental disability). Upon review of the record, and considering a

report prepared by the Pennsylvania State Police in response to an inquiry made by Appellant, the trial court noted that Appellant's sentence was graded M1 which, under the 1995 version of Section 3126, meant that he was convicted under Section 3126(a)(6), the only subsection carrying an M1 sentence. *See* Trial Court Order, 8/21/14. On August 28, 2014, Appellant filed a "Motion to Vacate Conviction" whereby he asked the trial court to vacate his conviction with prejudice because the Commonwealth failed to prove the victim had a mental disability, as required under Section 3126(a)(6). The trial court denied said motion on October 2, 2014. This appeal followed.

On appeal, Appellant argues his 1995 conviction is void because the trial court lacked jurisdiction in entertaining his case. Specifically, Appellant argues the conviction is void because the Commonwealth did not prove all elements of the crime, namely that victim had a mental disability. *See* Appellant's Brief at 10-13. As a result, Appellant argues, his sentence is also illegal. *See* Appellant's Reply Brief at 5-6. Recognizing that approximately 20 years passed from the imposition of the sentence, Appellant argues he is not barred from raising the instant claim because lack of jurisdiction (and presumably illegality) can be raised at any time. We disagree.

Before we can address the merits of his challenge, we must determine the nature of the challenge before us. Appellant titled the document giving rise to the instant action a "motion to vacate conviction." The trial court denied the motion in a one–sentence order providing in essence no

explanation.[1]  The Commonwealth argues Appellant's motion should have been treated as either an untimely post-sentence motion or an untimely Post Conviction Relief Act (PCRA) petition.  Commonwealth's Brief at 5-9.

Based on the allegations, it is appropriate to treat the instant motion as a PCRA petition.  Indeed, both claims—lack of jurisdiction and legality of sentence—are specifically mentioned as possible grounds for a PCRA petition.  **See** 42 Pa.C.S.A. § 9543(a)(2); **Commonwealth v. Butler**, 566 A.2d 1209, 1211 (Pa. Super. 1989) (post-conviction relief is permitted where it is established that tribunal lacked jurisdiction); **Commonwealth v. Beck**, 848 A.2d 987, 989 (Pa. Super. 2004) (legality of sentence cognizable under PCRA).  As such, Appellant should have presented it, and the trial court should have addressed it, as a PCRA petition.  **See** 42 Pa.C.S.A. § 9542; **Commonwealth v. Deaner**, 779 A.2d 578, 580 (Pa. Super. 2001) (any collateral petition raising issues with respect to remedies offered under the PCRA will be considered a PCRA petition).

To be eligible for relief under the PCRA, a petitioner must either be "currently serving a sentence of imprisonment, probation or parole for the crime," or "awaiting execution of a sentence of death for the crime," or "serving a sentence which must expire before the person may commence

---

[1] Apparently, the trial court denied the motion because the Commonwealth did not consent to the motion, as provided under local rule of civil procedure No. 208.3(a)(9). **See** Trial Court Order, 9/10/14; Trial Court Order, 10/02/14.

serving the disputed sentence." 42 Pa.C.S.A. § 9543(a)(1)(i)-(iii). Here, it is undisputed that Appellant has completed his sentence, and therefore, does not meet any of the foregoing eligibility requirements. Accordingly, we conclude Appellant is entitled to no relief. ***See Commonwealth v. Ahlborn***, 699 A.2d 718, 720-21 (Pa. 1997).

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/8/2015