393 A.2d 1022

**COMMONWEALTH of Pennsylvania**

v.

**Raymond P. SHELTON, Appellant.**

Superior Court of Pennsylvania.

Submitted March 13, 1978.

Decided Nov. 3, 1978.

Arthur K. Dils, Harrisburg, for appellant.

Marion E. MacIntyre, Second Assistant District Attorney, and LeRoy S. Zimmerman, District Attorney, Harrisburg, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

VAN der VOORT, Judge: ·

Appeal is taken from judgment of sentence rendered following nonjury trial, heard de novo in the Court of Common Pleas as an appeal thereto from conviction by the issuing authority in a summary proceeding. *Pa.R.Crim.P. No. 67.* The case was initiated by a police officer's filing with the appropriate district justice a citation charging violation of the "Vehicle Code," Act of 1959, Apr. 29, P.L. 58, 75 P.S. § 1028, (since rescinded and replaced). The summary offense alleged was that appellant failed to observe the posted sign and barricade giving notice to motor vehicle operators of "road closed" due to road work. The police officer filed the citation with an issuing authority who sent to the appellant a copy of the citation rather than issuing a summons. Although the proceeding was not transcribed, the lower court in its opinion informs us that appellant appeared before the issuing authority to defend the charge on the merits. Appeal was perfected from summary conviction, and trial was held January 27, 1977. Following denial of a motion in arrest of judgment, appellant was sentenced to pay a fine of $10 and costs of $5.

One question is preserved for our consideration—whether it is fatal to the instant summary proceeding for the District Justice to have failed strictly to observe the applicable *Pa.R.Crim.P. No. 51* regarding the instituting of proceed-

ings. Rule 51(A)(1)(b) provides in substance that when the offense charged is a summary offense under the Vehicle Code and it is not feasible for the officer to issue a citation to the defendant the issuing authority shall issue a summons. In the instant case, the police officer filed the citation with the District Justice and thus the proceedings were properly instituted. The issuing authority sent a copy of the citation to appellant, and not a summons as the Rule mandates. This was error.

We note that lower courts have taken divergent views of any harm caused by this procedural error. In *Commonwealth v. Bortz,* 67 Berks County Law Journal 74 (1974), the court took the position that receiving of a copy of the citation, rather than a summons, adequately apprised him of the charges in a court of competent jurisdiction. Consequently, the procedural defect was harmless. However, Judge Shughart, speaking for the court in *Commonwealth v. Lefever,* 25 Cumberland Law Journal 166 (1975), stated that the *Pa.R.Crim.P.* outlined a specific method to institute summary proceedings, and that these rules are not to be disregarded.

We agree with the latter position. Rule 51 mandates certain procedures regarding commencement of summary proceedings in cases of "traffic offenses," "parking offenses," and "other offenses." Where it is appropriate within this Rule to issue a citation, it is to take a specific course. Applying the Rule to the instant case, a "traffic offense (other than parking)", when the citation cannot be given directly to the defendant, it is filed with the issuing authority who thereupon is to issue a summons. It is nowhere provided that an issuing magistrate send a copy of the citation to a defendant. We do not agree with the Berks County court in *Bortz, supra,* that a citation can provide the same information as a summons, and as effectively apprise a defendant of the alleged offense. In the instant case, the citation did not contain a notice of four options available to the defendant regarding pleas of guilty or not guilty and consequent courses of action, lest a warrant of arrest issue for failure to respond. *Pa.R.Crim.P. No. 58.*

It has been held that summary proceedings, being in derogation of the common law, will require strict adherence to the law creating them. *Graver v. Fehr,* 89 Pa. 460 (1879). It has also been stated that procedural rules "are not to be exalted to the status of substantive objectives." *McKay v. Beatty,* 348 Pa. 286, 286–87, 35 A.2d 264 (1944). Viewing Rule 51, we believe that it provides for the very substance of the manner in which one who has offended the "Vehicle Code" may be cited, and a summary proceeding begun. Thus we hold that the Rule must be strictly construed. Rule 51, even when read together with the rules following it in "Chapter 50—Summary Cases," does not allow the sending of a copy of the citation in the situation where it has been filed by the police officer with the issuing authority. The proper—and only—procedure to follow after the initial institution of the summary proceeding is that the issuing authority shall issue a summons. We will not look for less than strict compliance with Rule 51. See the "Comment" to Rule 51 which reiterates and details the procedures commensurate with the rule and the purpose of it.

Judgment of sentence reversed and appellant discharged.

JACOBS, President Judge, dissents.

HOFFMAN, J., did not participate in the consideration or decision of this case.