## Commonwealth v. Buehler

*John Gresimer, District Attorney,* for Commonwealth.

*David A. Whitney,* for defendants.

GREINER, *P.J.,* February 26, 1979—Defendants were each issued separate citations for "overweight" in violation of the Vehicle Code of June 17, 1976, P.L. 162, effective July 1, 1977, 75 Pa.C.S.A. §4981, and fines and costs were imposed in the sum of $1,515, $2,265, and $1,415, respectively. Each filed an appeal, and at hearings thereon it was stipulated that the testimony received would be applicable to all three cases, excepting only the amount of alleged overweight for each individual truck. After the Commonwealth had rested its case defendants' counsel moved for discharge of all three defendants on the grounds that the Commonwealth had failed to establish that the arresting state police officer who had issued the citations was in uniform at the time of arrest contrary to Pa.R.Crim.P. 51A(1)(a), and further that the Commonwealth had not met the requirements of 75 Pa.C.S.A. §4981(a), which requires that "weighing shall be conducted by qualified personnel who have been trained in the use of weighing and measuring equipment in a training program approved by the Department of Agriculture." A third ground in support of the motion for discharge related to inadmissible certificates certifying the qualifications of the weighing party, which has since been withdrawn by reason of the repealer in the Act of July 9, 1976, P.L. 586, 42 Pa.C.S.A. §6103.

The court directed a transcript be made of the proceedings and that both counsel would have an opportunity to submit letter briefs and/or counterbriefs within a designated time after it was lodged.

In consideration of oral arguments of counsel,

their letter briefs and authorities cited, we have no other alternative but to grant the three separate motions for discharge. We hold that Pa.R.Crim.P. 51A(1)(a) is controlling and the Commonwealth having failed to establish that the arresting officer, although on duty, was in uniform, its requirements have not been met: Com. v. Ludwig C. Ganze, C.C.P. of Elk County, Criminal, no. 100 of 1975; Com. v. Shelton, ____ Pa. Superior Ct. ____, 393 A. 2d 1022 (1978).

Although the foregoing makes it unnecessary to address the second reason offered in support of the motions for discharge in that there is no testimony that Albert Hunsinger, one of two employes of the Commonwealth of Pennsylvania Department of Agriculture who participated as one of the weighing party, was qualified, we feel that such argument has merit. We cannot accept the Commonwealth's argument that police officers merely directing traffic at the scene of the arrest and who had not qualified as having been trained in the use of weighing and measuring equipment in a training program approved by the Department of Agriculture, would nullify the actions of those who had been so trained and who actually did the weighing, it being apparent that the two employes of the Department of Agriculture worked as a team and the qualifications of each should have been established.

We therefore make the following

## ORDER

Now, February 26, 1979, Thomas A. Buehler, Frederick M. Cornell, and Joseph Walter Rakieski, are each discharged, the charges dismissed, with costs on the County of Cameron.