## Commonwealth v. MacNamara

*Martin A. Flayhart, District Attorney*, for Commonwealth.
*Steven J. Neary*, for defendant.

BROWN, *P.J.*, August 23, 1979—This appeal is from a conviction for driving during suspension in violation of section 1543(a) of the Vehicle Code of

1976, 75 Pa.C.S.A. §1543. The incident giving rise to the charge arose on March 9, 1979, when defendant was involved in an accident on Route 64 in Porter Township, Clinton County, Pa. The accident was investigated by Trooper Robert A. Paucke of the Milesburg Substation. During the course of that investigation, defendant advised the trooper that he had mailed his Pennsylvania operator's license into the Commonwealth prior to the accident and that he was currently living in New York State. He exhibited a temporary New York operator's license to the trooper. At the time the trooper was unsure whether defendant was in violation of the licensing requirements of the Commonwealth and no citation was issued at the scene. After the investigation, defendant drove his vehicle from the accident scene.

Subsequently, Trooper Paucke determined that defendant was in violation of section 1532(a) by virtue of the fact that his Pennsylvania license had been suspended on February 14, 1979, for a period of 60 days and that defendant had sent his license to the Commonwealth on February 12, 1979. Therefore, the officer filed the present prosecution by filling out a citation form for a traffic violation and filing it with the district justice of the peace. The district justice in turn issued a citation/summons which was mailed to defendant. Defendant subsequently returned the bottom part of the summons on March 29, 1979, at which time he requested a hearing on the charges before a district justice of the peace.

The first issue raised by defendant by means of a demurrer relates to the adequacy of the procedure used against him by the district justice of the peace. Specifically, defendant contends that he was not issued a summons as required by Pa.R.Crim.P.

51(A)(1)(b). He cites the case of Com. v. Shelton, _____ Pa. Superior Ct. _____, 393 A. 2d 1022 (1978). After examining the records before the court it is apparent that the magistrate did issue a summons under the existing procedures established through the State Court Administrator's Office. Specifically, the green copy labeled "citation-summons" was sent to defendant who then returned the bottom portion of that document indicating that he desired to have a hearing. Defendant has argued that this particular document is not a summons in that the summons has to be prepared by the district justice of the peace and that the summons used by the district justice of the peace was in fact prepared by the officer, since it reflects nothing more than a carbon copy of the data provided by the police officer in the preparation of the citation form. The court finds nothing in the rules which requires that the summons be in fact prepared by the district justice. Instead, the only requirement is that the summons be issued by the district justice.

In this case, the procedure used by the district justice of the peace is consistent with that specified by a recent article in the Pennsylvania Judiciary News (July, 1979, Volume 2, No. 12, Page 4). That article provides:

"The approved traffic citation form is A.O.P.C. 407-77. If a police officer issues a citation directly to a defendant, under Pa.R.Crim.P. 51, the defendant then has the obligation to respond to the district justice, under Pa.R.Crim.P. 54(c). If, however, the police officer first files a citation directly with the district justice, the district justice must issue a summons pursuant to Pa.R.Crim.P. 51.

"The summons is contained in the citation form packet, (A.O.P.C. 416-77), and is the green copy captioned 'citation summons.' "

The next question raised by defendant relates to whether he had a valid New York operator's license at the time of the violation. In this regard, the court notes that section 1502 of the Vehicle Code does exempt a non-resident from the license requirements of the Commonwealth. However, the present case is considerably more involved than the adequacy of a nonresident's operator's license. Defendant's Pennsylvania operator's license was suspended as of the date of the accident and had not then been restored since the suspension was for a period of 60 days commencing February 12, 1979.

The recognition of defendant's temporary New York license as a defense in the present proceeding would frustrate the abilities of the Commonwealth to police and regulate the operating privileges of those who use the public highways. Defendant's privileges at the time of the accident were suspended as a result of past traffic violations in Pennsylvania. He should not be permitted to avoid the consequences of those violations by simply moving to another jurisdiction and obtaining a temporary operator's license. No authority has been cited which permits such a maneuver. Thus, the court concludes that the nonresidency exemption provisions of section 1502 does not apply to a person who has previously held a Pennsylvania operator's license and whose license is in a state of suspension at the time of his operating a vehicle in Pennsylvania.

## ORDER

And now, August 23, 1979, based upon the foregoing memorandum the court finds defendant guilty of the offense of driving during suspension in violation of section 1543 of the Vehicle Code of 1976 and it is therefore ordered that defendant pay a fine of $200 and the costs of prosecution.