## Commonwealth v. Wilkinson

*Richard A. Hernan, Jr., District Attorney*, for Commonwealth.
*William A. Bevevino*, for defendant.

WOLFE, *P.J.*, December 27, 1979—Defendant has filed an application to quash citations mailed to him by the district magistrate following his arrest on view by a Pennsylvania State Police officer who was in full uniform at the time of the arrest.

After an evidentiary hearing it is not disputed that the arresting officer, while in uniform and operating a marked police car, arrested defendant and discussed with defendant the issuing of several citations against him due to the manner in which he was operating a woods bike. Two days subsequent to the arrest, the officer filed six traffic citations against defendant stemming from the events that occurred at the time of the arrest. The district magistrate mailed these citations to defendant who received the citations on the third day subsequent to his arrest.

Defendant argues the citations must be quashed because the Commonwealth failed to follow the mandates of Pa.R.Crim.P. 51A(1)(a) governing arrest for traffic offenses in summary cases.

The arrest procedure is clear in that, except as provided in subparagraphs A(1)(b) and (c), the arresting officer if in uniform must issue the citation at the time of the arrest if a summary offense has occurred under the Vehicle Code. This exception is implemented when the police officer is not in uniform or when it is not feasible for him to issue a citation at the time of the arrest or if evidence is discovered after the issuance of a citation which gives rise to additional charges emanating from the same incident.

The Commonwealth argues it was not feasible for the officer to issue the six citations at the time of defendant's arrest for the reasons the officer only had two citations with him and had never made a prior charge of attempting to elude a police officer and he wanted to research this charge.

The only reported case that has had appellate review of Rule 51 that we have been able to locate is Com. v. Shelton, 260 Pa. Superior Ct. 82, 85, 393 A. 2d 1022, 1023 (1978). In Shelton, the arresting officer caused the citation to be filed with an issuing authority who, in turn sent a copy of the citation to defendant rather than issuing a summons as provided by Rule 51A(1)(a) and (b). The court held this rule must be strictly construed and dismissed the conviction.

"It has been held that summary proceedings, being in derogation of the common law, will require strict adherence to the law creating them. Graver v. Fehr, 89 Pa. 460 (1879). It has also been stated that procedural rules 'are not to be exalted to the status of substantive objectives.' McKay v. Beatty, 348 Pa. 286-87, 35 A. 2d 264 (1944). Viewing Rule 51, we believe that it provides for the very substance of

the manner in which one who has offended the 'Vehicle Code' may be cited, and a summary proceeding begun. Thus we hold that the rule must be strictly construed. Rule 51, even when read together with the rules following it in 'Chapter 50—Summary Cases,' does not allow the sending of a copy of the citation in the situation where it has been filed by the police officer with the issuing authority. The proper—and only—procedure to follow after the initial institution of the summary proceeding is that the issuing authority shall issue a summons. We will not look for less than strict compliance with Rule 51. See the 'Comment' to Rule 51 which reiterates and details the procedures commensurate with the rule and the purpose of it."

We believe therefore the only issue to be resolved is whether the police officer faced exigent circumstances that made it not feasible for him to issue a citation at the time of defendant's arrest. We hold there were none. We cannot reasonably conclude the Rules Committee and our Supreme Court which adopted and promulgated the rule meant "feasibility" to be so loosely applied. In our judgment, the reason compelling the issuance of a citation at time of arrest is to immediately inform defendant of the alleged violation under the circumstances which then exist. Quite obviously if he receives the information through the mail from an issuing authority, witnesses and road conditions, weather, etc., may be eradicated. The exception is applicable if the police officer is facing an emergency that would prevent him from writing out a citation or, if not an emergency, there is some compelling reason not brought upon by his own conduct that would prevent him from issuing a ci-

tation. If the rule could be so easily diluted as the Commonwealth would have it, there clearly would be an abrogation of the rule in a short period of time. If the arresting officer has insufficient citations in his patrol car it is incumbent upon him to secure others if he continues on duty. Indeed, we agree with defendant that the two citations could have been issued. Nor can we accept the explanation the officer had to review one of the arrests, to wit, "eluding a police officer." A police officer is chargeable with knowledge of the Vehicle Code. This code is readily available to the officer in the patrol car.

## ORDER

And now, December 27, 1979, the application to quash the citations and dismiss prosecution is granted.