## Commonwealth v. Chatman

*John F. Nelson*, for Commonwealth.
*Larry E. Stone*, for defendant.

EPPINGER, *P.J.*, September 19, 1980— Defendant is a State Police Corporal. He was charged by another trooper with driving too fast for

conditions, an alleged violation of the Vehicle Code, 75 Pa.C.S.A. §3361 (driving at an unsafe speed).

We must dispose of what seems to be a motion to dismiss the case for procedural irregularity. The two troopers who saw a car pass swiftly at an intersection in Greenvillage along U.S. Route 11 pursued it, chasing at speeds between 90 and 110 miles per hour. They must have been startled, when after activating the flashing light they saw that the car was an unmarked State Police car driven by a State Police Corporal, in uniform, apparently off duty.

At this time the trooper who brought the charges and was in uniform did not issue a citation to the corporal, though driving too fast for conditions is a summary offense. The corporal complains that Pa.R.Crim.P. 51 was not complied with* and therefore the prosecution must be dismissed. This is not a required or acceptable result since we find defendant was driving too fast for conditions.

Reaching this conclusion, we reluctantly disagree with the court in Com. v. Ribson, 70 D. & C. 2d 348 (1975). In that case, prompted by what he considered to be the mandate in Com. v. Campana, 452 Pa. 233, 304 A. 2d 432 (1973), a trooper refrained from handing defendant two summary violation citations after a check with his station showed that defendant was driving under suspension. When this was verified in writing, the trooper filed all three citations with a justice of the

*Pa.R.Crim.P. 51A(1)(a) says a citation shall be issued to the defendant by a police officer who is in uniform when the charge is a summary offense. Subsection (1)(b) directs a citation to be filed with the issuing authority in summary cases when the officer is not in uniform or when it is not feasible to issue a citation to the defendant. The issuing authority then issues a summons, not a warant of arrest, except under certain conditions.

peace. Defendant appeared before the issuing authority and was convicted of all three offenses and appealed. He argued, as defendant argues here, that the failure of the officer to issue the citation should result in a dismissal of the charge. The court held that the provisions of Rule 51 are mandatory and that the sanction is to dismiss the charge. To the same effect are other decisions in the Cumberland County Court: Com. v. Lefever, 25 Cumberland 166 (1975); Com. v. Lightman, 26 Cumberland 292 (1976).

In Com. v. Shelton, 260 Pa. Superior Ct. 82, 393 A. 2d 1022 (1978), the Superior Court adopted a statement made by Judge Shughart in Com. v. Lefever, supra, that the rules of criminal procedure outlined a specific method to institute summary proceedings, and that these rules are not to be disregarded. However, in that case, where appellant was discharged by the Superior Court, the police officer filed a citation with the district justice who then sent a copy to defendant. This was error, the Superior Court said, because under Rule 51A(1)(a) upon receiving the citation the issuing authority should have sent out a summons, the form of which is contained in Rule 58 and gives defendant notice of four options "regarding pleas of guilty or not guilty and consequent courses of action, lest a warrant of arrest issue for failure to respond." The court concludes by saying: "We will not look for less than strict compliance with Rule 51." We do not have the benefit of President Judge Jacobs' dissent.

In Shelton the justice of the peace failed to comply with the rule. The officer, the court said, properly filed the citation with the district justice and the latter erred in sending a copy of the citation. We are not able to tell from the opinion whether the officer who observed the violation was in uniform

and stopped the car or not. If he did and did not immediately hand the driver a citation, then the case is like ours and the procedure was approved because the Superior Court said the proceedings were properly instituted. If not—if the officer was not in uniform—then the case is clearly distinguishable.

But even that is not a complete answer. The district attorney, in his argument, goes beyond Rule 51 and questions the right of this court to impose the sanction of dismissing the charge for the officer's failure to comply with the strict language of the rule. The strict language we mention is that an officer in uniform *shall* issue a citation.

But before we discuss that, we must examine the meaning of that language. Does *shall* in Rule 51A(1)(a) mean shall or may it mean may? Shall under certain circumstances may mean may if this is what is clearly intended, Com. v. Lang, 55 Del. Co. 183 (1967), as when no right or benefit to anyone depends on its imperative use, when no advantage is lost, or when no right is destroyed: Com. ex rel. Bell v. Powell, 249 Pa. 144, 94 Atl. 746 (1915). Shall can be interpreted as mandatory or merely directory, though it is generally considered mandatory, except when relating to the time of doing something. But it is the legislative intent which must govern and this depends on a consideration of the entire act, its nature, its object and the resulting consequences if it were construed one way or the other: Francis v. Corleto, 418 Pa. 417, 211 A. 2d 503 (1965), citing Pleasant Hills Borough v. Carroll, 182 Pa. Superior Ct. 102, 125 A. 2d 466 (1956).

In Francis v. Corleto plaintiffs claimed compensation for a period of time when they were actively working to the detriment of their public employer.

Their claim was based on civil service regulations that declared terminal vacation pay *shall* be paid, arguing that the language imposed on the defendant a legal obligation to make such a payment. The court said, at p. 429: "Under the circumstances here presented, we will not construe the word in this mandatory sense, thereby taking from the City its right to recoup at least some of its losses incurred by reason of the plaintiffs' misconduct in office."

As we view Rule 51A(1)(a) the officer is permitted, or may, issue a citation because he is in uniform. The immediate issuance of a citation expedites the proceedings and cuts through the steps that marked summary violation prosecutions before these rules. Under The Vehicle Code of May 1, 1929, P.L. 905, sec. 1202, as amended June 21, 1931, P.L. 751, sec. 2, and June 29, 1937, P.L. 2329, sec. 3, summary proceedings were commenced when the officer filed an information with the justice of the peace who, within seven days, had to send defendant a notice in writing of the filing of the information, with a copy of the information and notice to appear within ten days. The procedure was obviously a cumbersome one.

We conclude that Rule 51A(1)(a) and (b) was adopted for the convenience of the Commonwealth and not to protect any right of the defendant. When an officer is in uniform his authority as an officer and right to issue a citation is clear and so it is permissible. But not if he is not in uniform, then he must go to a justice of the peace and file the citation with proceedings markedly similar to those under the Vehicle Code of 1929 to follow. But again, for the convenience of the Commonwealth, if the officer is in uniform but must hurry along to somethng else, such as to investigate an accident, Com. v. Xakellis,

73 D. & C. 2d 207 (1976), or to interview another witness, Com. v. Lombardo, 4 D. & C. 3d 106 (1977), the officer may proceed through the justice of the peace.

In the context of Rule 51, shall cannot be construed as mandatory and thus deprive the Commonwealth of the right to prosecute a summary motor violation.

Now to the district attorney's point, that to impose a sanction by dismissing the case is beyond the purview of this court. We agree. In Com. v. DeCosey, 246 Pa. Superior Ct. 412, 371 A. 2d 905 (1977), the court refused to dismiss a proceeding against a defendant even though his preliminary hearing was not held within three to ten days from the date of arraignment and no extension had been granted, all in violation of Pa.R.Crim.P. 140(f)(1). The majority said, though the rule states preliminary hearings shall be held as prescribed in the rule, since there is neither Federal nor state requirement for a preliminary hearing, it could not conclude the language required an automatic dismissal if the rule is violated. And since the defendant showed no prejudice, the case would not be quashed. In the concurring opinion Judge Spaeth discusses the right of a court other than the Supreme Court to impose a sanction.

Then in Com. v. Jones, 245 Pa. Superior Ct. 487, 369 A. 2d 733 (1977), where there was a violation of Pa.R.Crim.P. 2009(a) which states that an inventory of seized property shall be made and shall be verified by the law enforcement officer who seized it, Judge Spaeth, speaking for the court, reversed an order of the lower court suppressing the evidence even though the inventory was not verified, holding

it had no right to impose a sanction, that such power rests with the Supreme Court. "This is so because, unlike the Supreme Court, neither this court [Superior Court] nor the lower court has any general supervisory or rule making power on the basis of which an order directing the suppression of evidence may be entered." Id., 245 Pa. Superior Ct. at 493.

Finally, we conclude that even if our interpretations of Rule 51 are erroneous, under the circumstance outlined by the arresting officer, it was not feasible for him to issue a citation to defendant. The arresting officer was confronted by his superior who may or may not have been on duty, driving a state police car. If the corporal had the right to be doing what he was doing, far better for the officer to determine the exact status or conform to department policy, than to issue a citation and then have to withdraw it.

## DECISION

September 19, 1980, the motion to dismiss the case for procedural irregularity is dismissed and defendant, Bernard L. Chatman, is found guilty of driving too fast for conditions, a violation of the Vehicle Code, 75 Pa.C.S.A. §3361.

Defendant shall appear for sentencing at the call of the district attorney.