## Commonwealth v. Comerer

*Kevin A. Hess*, for Commonwealth.
*Arthur K. Dils*, for defendant.

HOFFER, *J*., August 14, 1981—The facts in this case are not disputed. On November 6, 1980, Patrolman Shaffer, a member of the Silver Spring Township Police Department, was working the 7:00 p.m. to 3:00 a.m. shift. At approximately 9:15 p.m., the patrolman became involved in a high-speed chase of defendant. Following this chase, the patrolman found defendant's vehicle stopped crosswise on Pleasant Grove Road.

At the scene, the patrolman told defendant that

he was going to file three citations against defendant. He did not issue the citations at the scene but filed them with the district justice on November 10, 1980. The district justice accordingly sent defendant a summons as provided in Pa.R.Crim.P. 51A(1)(b).[1] The three violations charged were: (1) fleeing or attempting to elude the officer (found not guilty by the district justice); (2) improper pass; and (3) driving too fast for conditions.

At the time of the incident, the patrolman had only one citation blank in his possession. The patrolman had begun his shift with four citation blanks in his possession but had issued three citations before this incident. After the patrolman stopped defendant, the patrolman's police corporal joined the patrolman at the scene. The corporal had citations, which he had preprinted with his name, in his possession.[2] Because the corporal had not witnessed the offenses, he did not issue any citations to defendant. Nor did the patrolman use the corporal's citations — by crossing out the corporal's name and printing in his own name — to issue the citations to defendant. The patrolman also did not issue the one citation he had in his own possession.

On March 10, 1981, the court found defendant guilty on each charge. Defendant filed a motion in arrest of judgment on the grounds that the patrolman improperly failed to issue the citations at the time of the incident.

---

1. Pennsylvania Rules of Criminal Procedure.

2. The procedure used by the Silver Spring Township Police Department concerning the issuance of citation blanks to its patrolmen is to issue citations in groups of ten sequentially numbered citations. Each patrolman then preprints on each citation his name and the name and address of the local magistrate.

## DISCUSSION

The issue in this case is whether the patrolman violated Pa.R.Crim.P. 51A(1)(a) and (b) by not issuing the three citations to defendant at the scene of the incident. The pertinent part of the rule reads as follows:

A. Criminal proceedings in summary cases shall be instituted in the following manner:

(1) Traffic Offenses (Other than Parking)

(a) Except as provided by subparagraphs A(1)(b) and (c), a citation shall be issued to the defendant by a police officer, who shall be in uniform, when the offense charged is a violation of a traffic ordinance or when it is a summary offense under the Vehicle Code; or

(b) A citation (rather than a complaint) shall be filed with an issuing authority by a police officer when the offense charged is a violation of a traffic ordinance or is a summary offense under the Vehicle Code, when the police officer is not in uniform, *or when it is not feasible for him to issue a citation to the defendant,* or when evidence is discovered after the issuance of a citation which gives rise to additional summary charges against the defendant resulting from the same incident. The issuing authority shall thereupon issue a summons and not a warrant of arrest except as provided in Section B(3) of this Rule.

Pa.R.Crim.P. 51A(1)(a), (b) (Emphasis supplied).

In the case at bar, the patrolman had one citation in his possession. The corporal at the scene also had citations although they were preprinted with the corporal's name. The patrolman, however, did not issue any citations at the scene but filed the three citations with the district justice four days later. The question which arises is: was it feasible

for the patrolman to issue the citations to defendant at the scene of the incident? If it was feasible, the patrolman violated Pa.R.Crim.P. 51A(1)(a). If it was not feasible, the patrolman's actions were proper under Pa.R.Crim.P. 51A(1)(b).

In Commonwealth v. LeFever, 25 Cumb. L.J. 166, 168 (1975), the court found that the service of a citation for reckless driving had been improper under Pa.R.Crim.P. 51 (1974).[3] The court stated that Pa.R.Crim.P. 51 "outlines a number of simple, precise methods to institute summary proceedings and these rules may not be disregarded." The Pennsylvania Superior Court expressly concurred with this position and held that it would "not look for less than strict compliance with Rule 51." Commonwealth v. Shelton, 260 Pa. Superior Ct. 82, 85, 393 A. 2d 1022, 1023-1024 (1978).

The court further stated:

"It has been held that summary proceedings, being in derogation of the common law, will require strict adherence to the law creating them. (Cite omitted.) It has also been stated that procedural rules 'are not to be exalted to the status of substantive objectives.' (Cite omitted.) Viewing Rule 51, we believe that it provides for the very substance of the manner in which one who has offended the 'Vehicle Code' may be cited, and a summary proceeding begun. Thus we hold that the Rule must be strictly construed." (Emphasis supplied.)

In Commonwealth v. Lightman, 26 Cumb. L.J. 292, 294 (1976), a uniformed officer stopped defendant but issued no citation at the time. Ten days

---

3. Although Pa.R.Crim.P. 51 has been amended, the pertinent part of the rule in question essentially remains unchanged.

later the officer filed a citation against defendant with district justice, who then issued a summons to defendant. In reversing the conviction, the court noted that the officer had been in uniform and capable of issuing the citation at the time he stopped defendant. Therefore, the officer had used the improper procedure under Pa.R.Crim.P. 51A(1)(b). "Absent appropriate circumstances, it was incumbent upon [the trooper] to strictly adhere to Pa.R.Crim.P. 51A(1)(a) and issue the citation at the scene. The Commonwealth provides no reasonable basis for a conclusion that it was not 'feasible' for him to have done so."

Additionally, in Commonwealth v. Wilkinson, 13 D. & C. 3d 664 (1979), the court also required strict compliance with Pa.R.Crim.P. 51A. In that case, the officer only had two citations in his possession when he stopped defendant for six violations. The court found that the officer's later filing of the citations with the district justice was improper and the court therefore quashed the citations. The court stated at 667-668:

"We believe therefore the only issue to be resolved is whether the police officer faced exigent circumstances that made it not feasible for him to issue a citation at the time of defendant's arrest. We hold there were none. We cannot reasonably conclude the Rules Committee and our Supreme Court which adopted and promulgated the rule meant "feasibility" to be so loosely applied. In our judgment, the reason compelling the issuance of a citation at time of arrest is to immediately inform defendant of the alleged violation under the circumstances which then exist. Quite obviously if he receives the information through the mail from an issuing authority, witnesses and road conditions, weather, etc., may be eradicated. The exception is

applicable if the police officer is facing an emergency that would prevent him from writing out a citation or, if not an emergency, there is some compelling reason not brought upon by his own conduct that would prevent him from issuing a citation. If the rule could be so easily diluted as the Commonwealth would have it, there clearly would be an abrogation of the rule in a short period of time. If the arresting officer has insufficient citations in his patrol car it is incumbent upon him to secure others if he continues on duty. Indeed, we agree with defendant that the two citations could have been issued."

This court can find no basis to not apply the rationale of Commonwealth v. LeFever, 25 Cumb. L.J. 166 (1975) and Commonwealth v. Lightman, 26 Cumb. L.J. 292 (1976) to our case. Consequently, if we find that the patrolman feasibly could have issued the citations at the scene of the incident, then strict adherence to Pa.R.Crim.P. 51A(1)(a) and (b) requires us to overturn the convictions.

The patrolman had one citation in his possession at the time of the incident. Thus, it was feasible for the patrolman to issue that citation at the scene. Furthermore, the patrolman's corporal had extra citations in his possession. Although the corporal had preprinted his name on the citations, the Commonwealth offered no evidence that it was impossible for the patrolman to cross out the corporal's name and print his own name on the citations. As in Lightman, supra, we find that the Commonwealth has provided no reasonable basis for a conclusion that it was not "feasible" for the patrolman to have issued the citation to defendant at the scene of the incident. The subsequent issuance of the citation was thus fatally defective.

## ORDER

And now, August 14, 1981, defendant's motion in arrest of judgment is granted.