Eleanor R. Hill, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued October 7, 1981, before President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*Paul V. Mahoney, Buck, Margolis, Mahoney & George,* for appellant.

*Gerald R. Solomon,* with him *William H. Soisson,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., July 29, 1982:

Eleanor R. Hill appeals a Fayette County Common Pleas Court order imposing a $10.00 fine and directing her to remove junk items from her property. We reverse.

The Connellsville Township Ordinance No. 65-2 prohibits the storage and accumulation of junk materials on public or private land *without a permit* and generally regulates junk storage. The factual support for the citation of violation is simply the unlawful accumulation of junk; not so for *unlicensed* junk storage.[1]

The citation references violation of "Local Ordinance 65-2, Section 7." However, Section 7 merely prescribes the penalty for violation of the six preceding sections, which comprised the regulation's substantive portions. Further, the citation described the alleged offense as "[h]aving, storing and accumulating scrap and junk materials on public or private property"; there was no allegation whatsoever concerning an *unlicensed* accumulation of junk. In addition, the court below found Hill guilty of "accumulating junk." The issue then is whether Hill's conviction for an *accumulation of junk* will stand.

First, we note that Pa. R. Crim. P. 52(1)(e) provides that every summary offense citation must contain:

> a citation of the *specific section and subsection of the statute or ordinance allegedly violated,* together with a *summary of the facts sufficient*

---

[1] The distinction, as discussed in more detail *infra*, is significant. A conviction for an unlawful accumulation of junk (*i.e.*, for the maintenance of a nuisance) requires the Commonwealth to establish affirmatively the maintenance of a nuisance *in fact*, whereas a conviction for an *unlicensed* accumulation of junk does not require such a showing.

*to advise the defendant of the nature of the of-fense charged.* (Emphasis added.)

Obviously, the citation was ineptly drawn when it charged violation of *the penalty provision* of the ordinance.[2] Moreover, the fact summary supporting the citation failed to advise Hill that she was in violation of a *licensing* ordinance. Doubtless, the essential elements of a summary offense must be set forth in the citation so that the defendant is given fair notice of the nature of the unlawful act for which he/she is charged. *See Commonwealth v. Ginsberg*, 143 Pa. Superior Ct. 317, 324, 18 A.2d 121, 125 (1941). Absent this compliance, as here, the citation charge of violation of Local Ordinance No. 65-2 must fall.

Hill's conviction for "accumulating junk" must also fall because, notwithstanding the municipality's right to prohibit nuisances,[3] it is clear that a conviction for the violation of a nuisance ordinance must be supported by evidence that the defendant had *in fact* maintained such a nuisance. *Commonwealth v. Hanzlik*, 400 Pa. 134, 139, 161 A.2d 340, 343 (1960). The record is devoid of any evidence that Hill maintained a nuisance in fact.

For these reasons, the conviction must be reversed.

---

[2] Local Ordinance No. 65-2, §7 provides that:

Any person who shall violate any Section of this Ordinance shall, upon conviction thereof be guilty of a summary offense and shall be sentenced to pay a fine not exceeding $300.00, and costs, or, in default of payment thereof shall be sentenced to confinement according to law in the Fayette County jail for a period not to exceed 30 days.

[3] A township is granted the authority to prohibit nuisances by the Legislature through the Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §65712.

74

### ORDER

The Fayette County Common Pleas Court Order No. 211 S.D. 1979 dated October 27, 1980, is hereby reversed.

Judges MENCER and PALLADINO did not participate in the decision in this case.