459 A.2d 414

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Howard J. GERARD.**

Superior Court of Pennsylvania.

Submitted Nov. 9, 1982.

Filed April 29, 1983.

---

John M. Dawson, Assistant District Attorney, Meadville, for Commonwealth, appellant.

Paul E. Allen, Meadville, for appellee.

Before CAVANAUGH, ROWLEY and MONTGOMERY, JJ.

CAVANAUGH, Judge:

The questions on appeal are whether the substantive and procedural requirements of Pa.R.Crim.P. 51 were met in this case and whether the failure of the summons to contain a certification of disposition pursuant to Pa.R.Crim.P. 58 constitutes a procedural defect under Pa.R.Crim.P. 150.

Appellee Howard J. Gerard appealed to the Common Pleas Court from a summary conviction under the Motor Vehicle Code. The Common Pleas Court dismissed the charges upon a stipulation of facts, holding that the proceedings were not initiated in compliance with the Pennsylvania Rules of Criminal Procedure.

The background is that the Commonwealth alleges that appellee failed to stop at the scene of an accident on July 15, 1980. No citation was issued on that day, but two days later a Pennsylvania State Trooper filed a citation with the District Justice and attested to the facts therein. The District Justice in turn notified appellee of the charge by sending him a document removed from a multi-leaf form. The document is entitled at the top "Citation/Summons". It was signed and dated by the District Justice, who also entered the magisterial district number. Appellee admits that he received this document. The present appeal is from a dismissal of the charges following an appeal from the District Justice. The procedure sought to be employed by the Commonwealth for instituting the present proceeding is the one set forth in Rule 51 A(1)(b):

**Rule 51. Means of Instituting Proceedings in Summary Cases**

A. Criminal proceedings in summary cases shall be instituted in the following manner:

(1) *Traffic Offenses (Other than Parking)*

(b) A citation (rather than a complaint) shall be filed with an issuing authority by a police officer when the offense charged is a violation of a traffic ordinance or

is a summary offense under the Vehicle Code, when the police officer is not in uniform, or when it is not feasible for him to issue a citation to the defendant, or when evidence is discovered after the issuance of a citation which gives rise to additional summary charges against the defendant resulting from the same incident. The issuing authority shall thereupon issue a summons and not a warrant of arrest except as provided in Section B(3) of this Rule. Thereafter, the case shall proceed as provided in Rules 57 and 59.

 There is no question that the officer in compliance with this rule filed a citation with the issuing authority. Moreover, there is no question that the issuing authority, District Justice Reisner, signed, dated and provided the Magisterial District No. on a form which, though a part of the multi-leaf packet, bore carbon copy imprints of the information entered by Trooper Sweeney on the first page of the packet which was the citation. It was, however, in fact otherwise a substantially different form from the citation in that it bore the bold print heading CITATION/SUMMONS and otherwise was denoted as either a "summons" or a "citation/summons". It is argued that this did not qualify as a summons because it is not an "original"; that it is not properly labelled SUMMONS; and does not qualify as a summons in that it does not contain a "Certification of Disposition" as required by Rule 58 relating to the Form of Summons. We have no difficulty in disposing the first two arguments. If the document otherwise qualifies as a summons, the fact that some of the information contained thereon was from a carbon impression rather than original hand or mechanical entry is totally inconsequential and would place a meaningless technical burden on law enforcement officials. Moreover, the fact that the document is denominated a citation/summons in several places is, in our opinion, an insufficient reason, without more, to reject it as a summons. The root of appellee's argument, however, is that it does not contain the mandated "Certification of Disposition." The purpose of this part of the form is simply to provide a convenient and simplified method for the certi-

fication of the adjudication and sentence following the disposition of the case by the issuing authority. This part of the form provides no notice information to the defendant, and no argument is made herein that its absence worked any prejudice to him. Heavy reliance is placed upon the fact that above the outline of the Certification of Disposition form in Rule 58 the italicized instruction appears that: "the following must appear on the original copy, preferably on the back thereof." The lower court found this instruction, in conjunction with our holdings in *Commonwealth v. Jonnet*, 265 Pa.Super. 315, 401 A.2d 1228 (1979) and *Commonwealth v. Shelton*, 260 Pa.Super. 82, 393 A.2d 1022 (1978), to require strict compliance with the form and substance of the mandated Summons. While in view of our cases the court acted reasonably in so holding we think that the form used in this case sufficiently complies with the requirements of the law. As previously noted, it is designated a summons and it fully complies with the content requirement, with the exception of the Certification of Disposition section which is of no benefit or moment to the defendant. Moreover, while the language requiring the Certification of Disposition form is mandatory, the preceding language of Rule 58 *Form of Summons-Summary Cases* requires only that the summons be "substantially" in the outlined form. In addition, Rule 150 which, inter alia, refers to defects in a summons provides:

**Rule 150. Defects in Complaint, Citation, Summons or Warrant**

**(a) Informal Defects:**

No person arrested under a warrant or appearing in response to a summons or citation shall be discharged from custody nor shall any case be dismissed because of any informal defects in the complaint, citation, summons, or warrant, but the complaint, citation, summons or warrant, may be amended at any time so as to remedy any such informality.

**(b) Substantive Defects:**

If a complaint, citation, summons or warrant contains a substantive defect, the defendant shall be discharged

unless he waives the defect. Nothing in this rule shall prevent the filing of a new complaint or citation and the issuance of process in which the defect is corrected in a proper manner.

"Informal defect" in the comment to this rule refers to errors which do not prevent the substantive content from being plainly understood. Substantive defects are exemplified as ones in which the defendant's identity cannot be determined or where the offense is not properly described. Under these standards the omitted portion of the suggested form certainly should be considered only as an informal defect. *Jonnet* and *Shelton* are distinguishable in that in those cases the document was not entitled a summons and in *Shelton* the form did not contain the notice of the four options provided to the defendant in response to the charge. While these cases do require "strict" rather than "substantial" compliance with the rules,[1] we do not read them as requiring absolute compliance to the degree asserted herein.

Order reversed.

---

1. But see Pa.R.Crim.P. 57 and 58 which require summons to be "substantially" in the recommended form.