## Commonwealth v. Lambert

*Antonia Grifo, Assistant District Attorney* for Northampton County.
*Ronold J. Karasek,* for defendant.

FREEDBERG, *J.,* December 12, 1983 — This matter is before the court on defendant's motion to dismiss a summary charge for violating section 1543(b) of the Motor Vehicle Code for driving while his license had been suspended. Defendant was originally cited under section 1543(a) of the Code; the Commonwealth seeks to proceed under section 1543(b).

The facts of this case are not in dispute. On May 14, 1983, defendant was involved in a motor vehicle accident while driving a motorcycle on Route 611. Defendant was cited for driving while his operating privileges had been suspended pursuant to Section 1543(a) of the Motor Vehicle Code. Defendant's privileges had been suspended for one year (to commence October 15, 1982) as a result of a March, 1982 conviction for driving under the influence. At

a hearing before Magistrate Sherwood R. Grigg on June 30, 1983, the magistrate found that defendant had violated section 1543(a) of the Motor Vehicle Code. However, the sentence imposed by the magistrate was the penalty found in section 1543(b) of the Code.

Section 1543 of the Motor Vehicle Code provides in pertinent part:

(a) Offense defined. — Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when their operating privilege is suspended, revoked or recalled is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.

(b) Certain offenses. — Any person who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when their operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of Section 3731 (relating to driving under influence of alcohol or controlled substance) or because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.

Although Mr. Lambert could have been cited for violating Section 1543(b), he was, in fact, cited under Section 1543(a), and at no time was any amendment ever made to that citation.

Rule 52(1)(e) of the Pennsylvania Rules of Criminal Procedure states that every summary offense citation must contain:

A citation of the specific section and subsection of the statute or ordinance allegedly violated, together

with a summary of the facts sufficient to advise the defendant of the nature of the offense charged. As set out in this section, and as this section is interpreted in Hill v. Commonwealth, 68 Pa. Commw. 71, 448 A.2d 106 (1982), "[t]he essential elements of a summary offense must be set forth in the citation so that defendant is given *fair notice* of the nature of the unlawful act for which he or she is charged." (Emphasis added.) The citation in this matter did give the defendant some notice of the violation for which he was charged, but the real issue is whether the defendant had "fair" notice of the offense charged, i.e., whether defendant was prejudiced by the defect in the citation.

Rule 70 of the Pennsylvania Rules of Criminal Procedure provides for the type of relief necessary when defects are present in a citation. Rule 70 states in pertinent part:

A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, citation, summons, or warrant, or a defect in the procedures of this chapter unless the defendant raises the defect before the conclusion of the summary trial and the defect is prejudicial to the rights of the defendant.

Here we have a definite defect in the citation and substantial prejudice to the rights of the defendant.* Defendant was on notice that he had been charged with a violation of Section 1543(a) of the Motor Vehicle Code, an offense which involves a fine of $200. Section 1543(b), however, imposes a fine of $1,000 and a term of imprisonment of not less than 90 days. Not knowing the great difference in penalties, the defendant, for expediency, may

---

*Defendant did raise the issue of the defect during his summary trial.

have come prepared solely to pay the $200 fine and not to whole-heartedly defend his case. Loughner v. Schmelzer, 421 Pa. 283, 218 A.2d 768 (1966); Hurtt v. Stirone, 416 Pa. 493, 206 A.2d 624 (1965). In addition, such a defect in the citation would interfere with his attorney's preparation and presentation of his case before the district magistrate. Given the substantial penalty involved, the defendant should have at least had an opportunity to properly prepare for the hearing.

The Commonwealth submits that such a defect is unavoidable since it would be impossible for a police officer to accurately cite defendant until the certified records were received from the Department of Transportation in Harrisburg. However, in the comments appended to Rule 70, it states that, "[a] complaint, citation, summons, or warrant may be amended at any time so as to remedy any defect in form or content that is not prejudicial to the rights of the defendant." Hence, the police had, in effect, a month to amend their citation prior to hearing without causing any prejudice to the defendant. Any and all prejudice to the defendant was caused entirely by the failure to amend the citation after receiving the relevant information from the Department of Transportation.

The Commonwealth further claims that Section 1543(b) is merely a penalty provision appended to Section 1543(a). We find this contention unpersuasive. Both Sections 1543(a) and (b) contain both elements of an offense and the penalties which attach thereto. Section 1543(b) is not merely a penalty provision for Section 1543(a) since Section (b) contains an additional element of an offense: one's driving privileges must be suspended or revoked due to driving under the influence of alcohol or a controlled substance. In that defendant was charged

with and found guilty of violating Section 1543(a) of the Motor Vehicle Code, he cannot now be sentenced pursuant to Section 1543(b) which constitutes a separate, differently defined offense.

Since it has been held that summary proceedings, being in derogation of the common law, will require strict adherence to the law creating them, Commonwealth v. Shelton, 260 Pa. Super. 82, 393 A.2d 1022 (1978), and that summary offense rules must be strictly construed, Commonwealth v. Jonnet, 265 Pa. Super. 315, 401 A.2d 1228 (1979), defendant's sentencing pursuant to Section 1543(b) of the Motor Vehicle Code must be dismissed. However, since the elements of a violation of Section 1543(a) have been admitted to by defendant, we find defendant guilty of violating Section 1543(a), wherefore we enter the following.

## VERDICT AND SENTENCE

And now, this December 12, 1983, the court finds defendant guilty of violating Section 1543(a) of the Vehicle Code. The defendant shall pay the costs and a fine of $200.00, or, in default thereof, 30 days in Northampton County Prison. Said fine and costs to be paid within 30 days.