516 A.2d 38

COMMONWEALTH of Pennsylvania

v.

Charles L. FRYE, III, Appellant.

Superior Court of Pennsylvania.

Argued April 7, 1986.

Filed Sept. 22, 1986.

our holding that appellant could not withdraw his affidavit under these circumstances.

Donald L. Best, Jr., Pittsburgh, for appellant.

James J. Nesser, Assistant District Attorney, Connellsville, for Com., appellee.

Before CIRILLO, President Judge, and BROSKY, ROWLEY, WIEAND, MONTEMURO, BECK, TAMILIA, POPOVICH and JOHNSON, JJ.

POPOVICH, Judge:

This is an appeal from the judgment of sentence which was imposed after appellant, Charles Lewis Frye III, was convicted by a judge sitting without a jury of racing on the highways. 75 Pa.C.S.A. § 3367.[1] We affirm.

Appellant raises the following issues: (1) whether the evidence was insufficient to support appellant's conviction beyond a reasonable doubt; (2) whether the criminal complaint which was filed against appellant was defective because the complaint failed to specify the speed at which appellant was alleged to have driven and also failed to specify the applicable speed limit. We must reject appellant's contentions.

Viewing the evidence in a light most favorable to the verdict winner, which is the prosecution in this case, the facts as summarized by the trial court consist of the following:

On September 15, 1984, Pennsylvania State Police Trooper, Daniel J. Venick, was on routine traffic patrol with Trooper Frank Winter. At approximately, 11:20 P.M., the

---

1. For appellant's summary conviction, appellant received a fine of $200.00 and was ordered to pay the costs of prosecution.

troopers were stopped at a red light in the northbound left-turn lane at an intersection on U.S. Route 119. At this intersection, U.S. Route 119 is a six lane divided roadway, consisting of two northbound lanes and a northbound left-turn lane, and two southbound lanes and a southbound left-turn lane. While waiting for the light to change, Trooper Venick observed appellant operating a 1934 Ford Coupe, which was described as a "hot rod." Co-defendant, William H. Shiffler, Jr., was operating a "modified" 1965 Volkswagen Beetle.[2] Both vehicles stopped side by side at the intersection.

The trooper heard appellant and his co-defendant (hereinafter referred to as appellants) "revving" their engines and "chirping" their tires for approximately twenty to thirty seconds before the light changed to green. When the light turned green, the appellants' tires squealed and their vehicles accelerated to a high rate of speed for three tenths (.3) of a mile. During this period of acceleration, their vehicles were side by side in the northbound lanes, at which point Frye's vehicle surpassed and pulled in front of Shiffler's vehicle. Under these circumstances, the troopers stopped appellants approximately seven tenths (.7) of a mile from the intersection and cited them for racing on the highways.

On appeal, appellant contends that the evidence is insufficient to prove "each and every element of the offense of racing on the highways." Brief for Appellant at 8. However, because the only theory which appellant raised, in support of his claim of insufficient evidence, is that the "evidence only established [that] the defendants made a quick start", we are unable to review each and every element of the offense of racing on the highways. "MOTION IN ARREST OF JUDGMENT", Allegations Nos. 4

---

**2.** Co-defendant Shiffler's case was consolidated and tried with appellants. Although the appeal of Shiffler has not been consolidated on appeal, both parties are represented by the same private attorney who has filed only one brief for both appeals. See Appeal at No. 499, Pittsburgh Term, 1985.

and 5. *Commonwealth v. Philpot,* 491 Pa. 598, 421 A.2d 1046 (1980).

In examining appellant's claim that the evidence only established that the appellants made a quick start, we must begin with the applicable criminal statute which provides:

### § 3367. Racing on Highways

(a) **Definitions.**—As used in this section the following words and phrases shall have the meanings given to them in this subsection:

"**Drag race.**" The operation of two or more vehicles from a point side by side at accelerating speeds in a competitive attempt to outdistance each other, or the operation of one or more vehicles over a common selected course, from the same point to the same point, for the purpose of comparing the relative speeds or power of acceleration of the vehicle or vehicles within a certain distance or time limit.

"**Race.**" The use of one or more vehicles in an attempt to outgain, outdistance or prevent another vehicle from passing, to arrive at a given destination ahead of another vehicle or vehicles, or to test the physical stamina or endurance of drivers over long distance driving routes.

(b) **General rule.**—No person shall drive a vehicle on a highway in any race, speed competition or contest, drag race or acceleration contest, test of physical endurance, exhibition of speed or acceleration, or for the purpose of making a speed record, and no person shall in any manner participate in any such race, competition, contest, test or exhibition.

(c) **Permits for special activities.**—The department or local authorities within their jurisdiction may issue permits for special activities which would otherwise be prohibited by this section.

(d) **Penalty.**—Any person violating this section is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.

1976, June 17, P.L. 162, No. 81, § 1, eff. July 1, 1977.

The only testimony which supports appellant's claim was the testimony proffered by defense witnesses which established that the "revving" sound was made in order to maintain the idle speed for the engine of Frye's car. Because the fact finder is free to believe all, part or none of the evidence presented, we must conclude that appellant is not entitled to relief. *Commonwealth v. Jackson,* 506 Pa. 469, 485 A.2d 1102 (1984).

■ The evidence which was introduced at trial, when viewed in a light most favorable to the prosecution, established that appellant and co-defendant, Shiffler, operated their vehicles side by side as they "revved" their engines, "chirped" their tires for twenty to thirty seconds, and accelerated to a high rate of speed for three tenths (.3) of a mile after the light turned green. Additionally, the record also showed that appellant's vehicle surpassed and pulled in front of Shiffler's vehicle at this time. Under these circumstances, the record establishes that the appellant's guilt was proven beyond a reasonable doubt for racing on the highways.

Appellant next contends that the trial court erred in denying appellant's motion to dismiss the complaint because the complaint failed to specify the speed at which appellant was driving and the applicable speed limit. We also must disagree.

The applicable provision of the Motor Vehicle Code, 75 Pa.C.S.A. 3366, states:

§ 3366. Charging speed violations

In every charge of violation of a speed provision in this subchapter, except for a violation of section 3361 (relating to driving vehicle at safe speed), the citation or complaint shall specify the speed at which the defendant is alleged to have driven and the applicable speed limit.

Additionally, the citation at issue contained the following language:

400

**Commonwealth of Pennsylvania**

PENNSYLVANIA STATE POL...RRISBURG PA 17109

9/18/8   504-SD-8

**CITATION** (TRAFFIC)   TION NO.

MAGISTERIAL DISTRICT NO. 14-3-07   R   048004

| 1 DEFENDANT - FIRST NAME | MIDDLE NAME | LAST NAME | 2 D.O.B. |
|---|---|---|---|
| CHARLES | LEWIS | FRYE III | 31 MAR 59 |

| 3. STREET ADDRESS | CITY-TWP BORO-COUNTY | STATE | ZIP CODE |
|---|---|---|---|
| 143 SHADY GROVE | MYRTLE BEACH PA | SC | 29577 |

| 4 DRIVER NO | STATE | 5 SEX | 6 DIR OF TRAVEL | 7. ZONE | 8. NO. OCC |
|---|---|---|---|---|---|
| 3149197 | SC | M F | N S E W | 39 | 2 |

9 CHARGE **RACING ON HIGHWAYS**

10 NATURE OF OFFENSE (IF SPEEDING — STATE TIMED SPEED AND ALLOWED SPEED)

DID COMPETE IN A "DRAG RACE" WITH ANOTHER VEH. FROM STOP LIGHT IN ATTEMPT TO OUT ACCELLERATE THE OTHER VEH

OFFENSE

| 11. DATE | 12 TIME | 13 DAY | 14. COUNTY |
|---|---|---|---|
| 15 SEP 84 | 2320 | SAT | FAYETTE |

| 15 TWP. BORO CITY | 16 LOC CODE |
|---|---|
| BULLSKIN TWP | 26/802 |

| 17 ROUTE | 18. PLACE |
|---|---|
| MS 119 | INT. W/ APPL. 1220 |

19 LIMITED ACCESS ☐

| VIOLATION | 20. STATUTE OR ORDINANCE |
|---|---|
| | VEH CODE |
| 21. SEC. | 23. FINE |
| 3367 | $200.00 |
| 22 SS | 24 COSTS |
| (b) | $17.50 |
| TOTAL DUE | $217.50 |

| 25. VEHICLE | 26 TYPE | 27. COLOR | 28 REG NO | 29 REG YEAR | 30 STATE |
|---|---|---|---|---|---|
| FORD | GP 34 | CP PRIMER | MHJ279 | 84 | PA |

AM TO

31. OWNER   SAME AS OPER ☒   32 ADDRESS

S

| 33 NAME OF DISTRICT JUSTICE | MAGISTERIAL DIST |
|---|---|
| ROBERT BREAKIRON | 14-3-07 |

34 ADDRESS RD # 2 BOX 434 CONNELLSVILLE, PA. 15425

35 RECEIPT OF CITATION IS ACKNOWLEDGED - SIGNATURE   36. DATE ISSUED
X                                                    15 SEP 84

| 37. STATION | CODE | 38. OFFICER | 39 BADGE NO |
|---|---|---|---|
| UNIONTOWN | 1240 | Wm. Francis R. White | 4438 |

| 40 FOLLOWED | 41 TIMED | 42 SPEED | 43. ALLOWED | 44 SPEEDO STA NO | 45. DATE TESTED |
|---|---|---|---|---|---|
| | | EST 60 | 55 | | |

| 46 EQUIP NO. | 47. REG. NO. | 48 STOPPING | OBSERVING | 49. SPEED TIMING DEVICE |
|---|---|---|---|---|

| 50 TIMING DEV SER NO | 51 STA NO | 52 DATE TESTED | 53 SPEED TIMING DEV OPERATOR |
|---|---|---|---|

| 54. DISPOSITION | 55. WEATHER | 56. LIGHT | 57. ROADWAY | 58. TYPE HIGHWAY | 59. NO. LANES |
|---|---|---|---|---|---|
| NON APPEAR | CLEAR | 1 DAYLIGHT | 1 DRY | CONCRETE 1 | 1 LANE 1 |
| PAID F&C | CLOUDY 1 | 2 DUSK | 2 WET | BRICK 2 | 2 LANE 2 |
| FOUND GUILTY | RAIN 2 | 3 DAWN | 3 MUD | ASPHALT 3 | 3 LANE 3 |
| NOT GUILTY | SNOW 3 | 4 DARKNESS | 4 SNOW | GRAVEL 4 | 4 LANE 4 |
| PLEAD GUILTY | FOG 4 | 5 OTHER | 5 ICY | DIRT 5 | 4 LANE DIV 5 |
| PRIOR | SLEET 5 | | 6 OTHER | OTHER 6 | MORE 4 LANE 6 |
| TO HEARING | OTHER 6 | | | | More 4 Lane Div 7 |
| DISCHARGED 4 | 7 | | | | OTHER 8 |
| PLEAD GUILTY 5 | | | | | |
| AT HEARING 6 | | | | | |
| DATE COMPLETED | | | | | |

60 RACE ETH W/W   61 ACCIDENT ARREST YES ☐ NO ☒   62 ACC REPORT NO   63 SPEC. ACTV

64 REMARKS (ACCOMP BY TPR. JENICK)
REF # Q448833 - Wm. H. SHIFFLER JR 300 PA. AVE. IRWIN PA. 15642

65 SUPV. INT & BADGE NO

SP 7 0017A 19 83   **DISTRICT JUSTICE**

According to appellant, the citation which was filed with the court "contains information not set forth on the citation

issued to Charles Frye". Brief for Appellant at 16. Therefore, appellant argues that the citation is defective because his copy of the citation "specifies neither the speed at which he was alleged to have driven nor the applicable speed limit." *Id.*

In this case, appellant argues that the speed should have been set forth in "BLOCK 10" of his copy of the citation which designates the "Nature of Offense". *Id.* In this case, we conclude that the citation which was filed was not defective and also that the copy of the citation which was given to appellant was sufficient to inform him of the nature of the charges which were pending against him. See Pa.R.Crim.P. 52 subd. A(1)(e). (Every citation shall contain "a citation of the specific section and subsection of the statute or ordinance allegedly violated, together with a summary of the facts sufficient to advise the defendant of the nature of the offense charged".)

The citation which was issued to appellant states that appellant "DID COMPETE IN A 'DRAG RACE' WITH ANOTHER VEH. FROM STOP LIGHT IN ATTEMPT TO OUT ACCELLERATE [SIC] THE OTHER VEH." Record, Item No. 2, page 3. Under these circumstances, we have no difficulty in concluding that appellant had adequate notice of the charge filed against him. In a similar case, we commented:

> We must uphold the Commonwealth's position that the summary requirement is meant to "accurately describe the gravamen" of the offense rather than lay out a blow-by-blow description of events. The *Commonwealth v. Weed* case, [3 Pa.D & C 3rd 151 (Cumberland Co. 1977)] made the following observation in reference to this:
>
> Although a citation must include a specific section of the statute violated, *it need only show a summary of the facts sufficient to advise the defendant of the nature of the offense charged, notifying him of the pending prosecution and affording him a chance to defend himself* ... This lenient description of the offense is all that is

necessary because the defendant must be served upon the issuance of the citation, giving him immediate notification of the alleged infraction when he is best able to observe and recall facts and circumstances surrounding the incident ... Thus, we conclude that the description of the offense on a citation is adequate so long as it advises the defendant of the nature of the charge. See, too, *Commonwealth v. Yarnell*, 57 D & C 2d 541 (Lebanon Co. 1972), *Commonwealth v. Colbert*, 56 D & C 2d- 419 (Bucks Co.1972).

We find no serious question that the citation, summary included, advised the appellant of the nature of the charges. Who is better able to know what conduct occurred which requires a defense but the defendant himself, being present at the issuance of the citation? Notice is the operative term here and we find that the summary, as interpreted by *Weed, supra,* was sufficient. The citation, as far as specificity is concerned, was valid.

*Commonwealth v. Stahl*, 296 Pa.Super. 507, 513, 442 A.2d 1166, 1169 (1982) (Emphasis added).

In this case, even appellant concedes that the speed of appellant's vehicle was not an element of the offense charged.[3] Instead, the gravamen of the instant offense is the acceleration competition by one vehicle which appellant was driving with another vehicle from a particular stop light. Hence, we find that appellant was adequately informed of the charge which was filed against him.

In support of his argument that the instant citation should have been dismissed, appellant cites the case of *Commonwealth v. Morris*, 268 Pa.Super. 269, 407 A.2d 1350 (1979). In *Morris*, this Court held that a citation for racing on the highways was defective because "an allegation as to speed was required in the complaint and was not there." *Id.*, 268 Pa.Superior Ct. at 271, 407 A.2d at 1351.

---

**3.** In his brief, appellant states the following:
"No argument will be raised that, under 75 Pa.C.S.A. § 3367, a driver must exceed the posted speed limit before he can be cited for racing." Brief for Appellant at 11.

We also mentioned that the citation which was *issued* failed to indicate the speed and said the following:

> Sections 3366 and 3367 are both a part of the subchapter F of the code.[4] The language of Section 3366 is clear and unambiguous and mandatory. To say that § 3367(b) is not a speed provision of the act is to blind oneself to its language and should the Legislature have intended to exempt it from the mandate of § 3366 it would have done so as it did with § 3361.

> *Id.* (Footnote added).

Because proof of a particular speed is not an essential element of the offense of racing on the highways in this case, we must reject and overrule our previous decision in *Commonwealth v. Morris, supra,* which mandates a discharge absent an allegation of speed.

In the past, we have said that a discharge is warranted only if a "complaint, citation, summons or warrant contain a substantive defect ..." Pa.R.Crim.P. 150; *Commonwealth v. Gerard,* 313 Pa.Super. 70, 74, 459 A.2d 414, 416–417 (1983). We also have said that:

> Substantive defects are exemplified as ones in which the defendant's identity cannot be determined or where the offense is not properly described.

> *Id.*

Because we are unconvinced that a defendant must be informed of either the applicable speed limit or the speed at which he is alleged to have driven in order to defend against a charge of racing on the highways, appellant is not entitled to relief.

Judgment of sentence is affirmed.

BROSKY, J., files a concurring statement.

4. An examination of Subchapter F, entitled "SPEED RESTRICTIONS", reveals the following statutory provisions: Driving vehicle at Safe Speed (75 Pa.C.S.A. § 3361), Maximum Speed Limits (75 Pa.C.S.A. § 3362), Alteration of Maximum Limits (75 Pa.C.S.A. § 3363), Minimum Speed Regulations (75 Pa.C.S.A. § 3364), Special Speed Limitations (75 Pa.C.S.A. § 3365), Charing Speed Violations (75 Pa.C.S.A. § 3366), Racing on Highways (75 Pa.C.S.A. § 3367), and Speed Timing Devices (75 Pa.C.S.A. § 3368).

404

BROSKY, Judge, concurring:

I join in the majority's opinion as to the first issue in this case. As to appellant's second issue, as I read the majority's opinion, it does not resolve the question raised in *Commonwealth v. Morris,* 268 Pa.Super. 269, 407 A.2d 1350 (1979), whether 75 Pa.C.S. § 3367 is a speed provision and thus whether § 3366 requires a citation or complaint charging a violation of § 3367 to specify the speed at which the defendant is alleged to have driven and the applicable speed limit. Rather, the majority appears to hold that even if § 3367 is a speed provision that the absence of an allegation of speed in a citation or complaint is not a defect which warrants discharge. I would agree with the dissent in *Morris* and hold that § 3367 is not a speed provision. Of course, under either this analysis or the majority's, a defendant is not entitled to be discharged if he is not informed of the applicable speed limit or the speed at which he is alleged to have driven. Therefore, I agree with the majority that the judgment of sentence must be affirmed.