J-S77023-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ERIC COXRY | |
| Appellant | No. 491 EDA 2014 |

Appeal from the Judgment of Sentence July 22, 2013
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0001939-2009

BEFORE: GANTMAN, J., STABILE, J., and STRASSBURGER, J.[*]

MEMORANDUM BY JENKINS, J.:                   **FILED DECEMBER 22, 2014**

Eric Coxry appeals from the judgment of sentence[1] imposed following his conviction for first degree murder[2], conspiracy[3] and burglary[4]. We quash this appeal as untimely for the reasons provided below.

Eric Coxry was charged with first degree murder for the shooting death of Jonas Suber. On July 19, 2013, a jury found Coxry guilty of first degree

_____

[*] Retired Senior Judge assigned to the Superior Court.
[1] Although Coxry's brief states that he is appealing from the order denying his post-sentence motions, his appeal actually is from his judgment of sentence. ***Commonwealth v. Chamberlain***, 658 A.2d 395, 397 (Pa.Super.1995) ("[an] order denying post-sentence motions acts to finalize the judgment of sentence for purposes of appeal. Thus, the appeal is taken from the judgment of sentence, not the order denying post-sentence motions"). We have amended the appeal paragraph of the above caption to reflect this fact.
[2] 18 Pa.C.S. § 2502.
[3] 18 Pa.C.S. § 903.
[4] 18 Pa.C.S. § 3502.

murder. The Commonwealth offered to waive its right to seek the death penalty if Coxry agreed to waive all rights of appeal and thus spend the rest of his life in prison. Coxry accepted the Commonwealth's offer. Coxry, the Commonwealth and the trial court all signed the following waiver form:

> In consideration of the Commonwealth of Pennsylvania foregoing pursuing the death penalty following my being found guilty by a jury on July 19 2013 of 1st Degree Murder in the murder on October 21, 2006 of Mr. Jonas 'Sonny' Suber in the City of Coatesville, Chester County, Pennsylvania, a crime I do acknowledge having committed, I hereby agree as follows:
>
> 1. I agree to the imposition of the sentence on the charge of 1st Degree Murder to life imprisonment without the possibility of parole. I agree to the imposition of the sentence of 20 to 40 years on the charge of Criminal Conspiracy to commit 1st Degree Murder, concurrent with the life sentence, and the imposition of the sentence of 10 to 20 years on the charge of Burglary, concurrent with the conspiracy sentence.
>
> 2. I agree that I will not seek pardon or commutation at any time in the future and, in that respect, agree that I will spend the rest of my life in prison for having murdered Mr. Suber.
>
> 3. I agree to waive, and I do, knowingly, voluntarily and intelligently, waive any rights, presently known and presently unknown, that I now have, could have, or might in the future have, from now until the end of time, to appeal directly or collaterally, to seek post-sentence relief, to seek post-conviction relief, to seek Federal or other habeas corpus relief, and/ or to claim that my attorneys were ineffective in any respect for reasons presently known and presently unknown with regard to their representation of me, whether in regard to any pre-trial matter, anything

that they did or did not do for me during trial, and/or their handling of my defense at trial.[1]

> [1] The sole exception to my waiver of rights is that I may file a motion challenging the Department of Corrections' authority to deduct, pursuant to 42 Pa.C.S. §9728(b)(5) or any other act authorizing the Department of Corrections to deduct funds from inmate accounts, funds from my inmate account. I understand this is the sole exception to my waiver of rights.

> 4. I acknowledge that in deciding whether or not to accept and sign this waiver of rights I have consulted fully with my death penalty attorney, David P. Clark, Esquire, and am satisfied with his representation and advice. I further acknowledge that I have carefully considered my options, in consultation with my counsel, Mr. Clark, and sign this waiver of rights as an act of my own free will intending to be legally bound.

The trial court questioned Coxry on the record and determined that he entered into this agreement knowingly, voluntarily and intelligently. N.T., 7/22/13, pp. 5-9. The court sentenced Coxry to life imprisonment without the possibility of parole for first degree murder and concurrent terms of 20-40 years' imprisonment for conspiracy and 10-20 years' imprisonment for burglary. N.T., 7/22/13, p. 24.

On August 15, 2013, more than 10 days after sentencing, Coxry filed a motion entitled as a "post-sentence motion" to withdraw his waiver of his rights. On August 22, 2013, the court scheduled a hearing on Coxry's motion. On January 21, 2014, after two days of hearings, the court denied Coxry's motion. On February 7, 2014, Coxry filed a notice of appeal. Both Coxry and the trial court complied with Pa.R.A.P. 1925.

In his lone issue on appeal, Coxry claims that his waiver of his appellate rights was not knowing, voluntary or intelligent[5]. He argues that he waived his appellate rights due to fear that the jury would vote for the death penalty, but that neither the trial court nor his attorney fully explained his appellate rights or appellate procedure to him prior to his waiver.

Coxry failed to file timely post-sentence motions to withdraw his waiver of his appellate rights. As a result, his appeal is untimely, necessitating quashal of his appeal.

_____

[5] Coxry states the issue as follows:

> The lower court erred in denying the Defendant's Post-Sentence Motion. The Defendant's agreement on July 22, 2013 to waive his appellate rights in exchange for a life sentence was not a knowing, voluntary, intelligent waiver in that:
>
> a. the decision to waive his appellate rights was influenced by the threat of the death penalty;
> b. the document signed by the Defendant did not fully explain his appellate rights and the appellate procedure;
> c. the colloquy conducted by the lower court did not fully explain the Defendant's appellate rights and the appellate procedure;
> d. defense counsel did not fully explain the Defendant's appellate rights and the appellate procedure; and
> e. defense counsel did not advise the Defendant of the merit of any appellate issues.

Pa.R.A.P. 1925(b) statement, ¶ 1.

To elaborate, Coxry's waiver of his appellate rights is equivalent to a guilty plea. In **Commonwealth v. Barnes**, 687 A.2d 1163 (Pa.Super.1996), the jury found the defendant guilty of first degree murder. Before the death penalty phase,

> fearful that the Commonwealth would be successful in obtaining the death penalty, [the defendant] elected to forego his rights to file any motions for post-trial relief, including his right to file post-sentencing motions, appeal to any higher courts, and to seek federal habeas corpus relief. In return, the Commonwealth agreed not to seek the death penalty.

*Id*., 687 A.2d at 1164. The court sentenced the defendant to life imprisonment, but he moved to withdraw his waiver of rights. The trial court denied the defendant's motion, and this Court affirmed. We observed that the defendant "entered the *functional equivalent of a plea of guilt*. A plea of guilt that is motivated by a fear that the prosecution may obtain the death penalty is valid as long as the guilty plea is entered knowingly and voluntarily."[6] ***Id.*** at 1167 (emphasis added) (citing **Commonwealth v. Bhillips**, 380 A.2d 1210 (1977)).

Accordingly, we analyze whether Coxry's motion to withdraw his waiver of appellate rights is timely under the rules governing post-sentence

---

[6] **Barnes** went on to hold that the record demonstrated that the defendant relinquished his post-trial rights knowingly, voluntarily, and intelligently, notwithstanding his argument that he was suffering from a migraine headache and diabetes at the time he waived these rights. **Barnes**, 687 A.2d at 1167.

motions to withdraw guilty pleas. The Rules of Criminal Procedure require the defendant to file post-sentence motions challenging the validity of a guilty plea no later than 10 days after imposition of sentence. Pa.R.Crim.P. 720(A)(1) & (B)(1)(a)(i). Although timely post-sentence motions toll the 30-day appeal period, post-sentence motions filed after the 10-day deadline do not toll the 30-day appeal period, even if the trial court holds a hearing and decides the motions on their merits. ***Commonwealth v. Dreves***, 839 A.2d 1122 (Pa.Super.2003) (en banc). In ***Dreves***, the court sentenced the defendant on May 10, 2001, and the defendant filed an untimely post-sentence motion to withdraw his guilty plea on May 30, 2001. On August 6, 2001, following a hearing, the court denied the defendant's motion. On September 4, 2001, the defendant filed an appeal to this Court. We quashed the appeal, reasoning: "[S]ince [the defendant] did not file a timely post-sentence motion, his appeal period began to run from the date sentence was imposed, i.e., May 10, 2001. Accordingly, [his] notice of appeal, which was filed on [September] 4, 2001, almost four months after the imposition of sentence, was clearly untimely." ***Dreves***, 839 A.2d at 1127.

The outcome of this appeal is the same as ***Dreves***. The court sentenced Coxry on July 22, 2013. Coxry filed an untimely motion to withdraw his waiver of appellate rights more than 10 days later, on August 15, 2013. The court scheduled hearings on Coxry's motion and denied it on

January 21, 2014. Coxry appealed to this Court on February 7, 2014. Because Coxry failed to file a timely motion to withdraw his waiver of appellate rights, his appeal period began running on the date of sentencing, July 22, 2013. Thus, his appeal on February 7, 2014 was untimely, requiring quashal of his appeal[7].

_____

[7] Coxry's appeal is untimely even if we regard his motion to withdraw his waiver of appellate rights as a motion for reconsideration under 42 Pa.C.S. § 5505 instead of as a post-sentence motion.

Section 5505 provides: "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." Under section 5505, if no appeal had been taken, within 30 days after the imposition of sentence, the trial court has the discretion to grant a request to file a post-sentence motion *nunc pro tunc.* ***Dreves***, ***supra***, 829 A.2d at 1128. If the trial court expressly grants such a request within 30 days after imposition of sentence, the time for filing an appeal is tolled until after resolution of the post-sentence motion. ***Id***. In addition, "the request for *nunc pro tunc* relief is separate and distinct from the merits of the underlying post-sentence motion. The trial court's resolution of the merits of the late post-sentence motion is no substitute for an order expressly granting *nunc pro tunc* relief." ***Id***. at 1128-29. "Also, when the trial court grants a request to file a post-sentence motion *nunc pro tunc,* the post-sentence motion filed as a result must be treated as though it were filed within the 10-day period following the imposition of sentence." ***Id***.

Here, on August 22, 2013, 31 days after imposition of sentence, the court scheduled a hearing on Coxry's motion. In the first place, the order was a nullity under section 5505, because the court issued the order more than 30 days after sentencing. ***Commonwealth v. Liebensperger***, 904 A.2d 40, 44 (Pa.Super.2006) (section 5505 only permits court to modify or rescind order within 30 days after final order). Moreover, scheduling a hearing was not equivalent to granting leave *nunc pro tunc* to file a post-sentence motion. ***Commonwealth v. Butler***, 566 A.2d 1209, 1211 (Pa.Super.1989) (section 5505 does not authorize court to schedule hearing during 30 day
*(Footnote Continued Next Page)*

Appeal quashed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/22/2014

---

*(Footnote Continued)* ———————

period but grant relief after 30 day period; order granting relief must be entered during 30 day period). Thus, Coxry's appeal is untimely when viewed through the prism of section 5505.