J-S92011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ANTHONY TEAGUE, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| TAMMY S. FERGUSON, | |
| Appellee | No. 346 WDA 2016 |

Appeal from the Order February 8, 2016
In the Court of Common Pleas of Mercer County
Criminal Division at No(s): 254-2004

BEFORE:  SHOGAN, MOULTON, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                          **FILED JANUARY 20, 2017**

Appellant, Anthony Teague, appeals *pro se* from an order entered on February 8, 2016, denying Appellant's purported petition for writ of *habeas corpus*.  Because we conclude that Appellant's filing was an untimely, serial Post Conviction Relief Act[1] ("PCRA") petition, we affirm the order denying relief, albeit on different grounds.

The record reveals that on January 12, 2004, Appellant shot and killed the mother of his three children, and then shot himself in the chest. Appellant survived his wounds, and on September 10, 2014, he entered a negotiated guilty plea to murder in the third degree.  On November 2, 2004,

_____

[*]  Retired Senior Judge assigned to the Superior Court.

[1]  42 Pa.C.S. §§ 9541-9546.

the trial court sentenced Appellant to a term of twenty to forty years of incarceration. Appellant did not file a direct appeal.

On March 8, 2005, Appellant filed an untimely post-sentence motion. The trial court properly treated the motion as a PCRA petition and appointed counsel. *See Commonwealth v. Johnson*, 803 A.2d 1291, 1293 (Pa. Super. 2002) (reiterating that, generally, a petition filed after the judgment of sentence becomes final will be treated as a PCRA petition). On May 27, 2005, Appellant's counsel filed a PCRA petition, and the PCRA court held a hearing on July 7, 2005. On July 13, 2005, the PCRA court denied Appellant's petition, and Appellant filed a timely appeal to this Court. After review, this Court affirmed the PCRA court's order denying Appellant's petition. *Commonwealth v. Teague*, 1403 WDA 2005, 903 A.2d 54 (Pa. Super. filed May 15, 2006) (unpublished memorandum).

More than a decade later, on February 5, 2016, Appellant filed the underlying petition for writ of *habeas corpus*. Appellant attached a civil cover sheet to his petition and listed Tammy Ferguson as the defendant.[2] Despite attaching the civil cover sheet and averring the petition was a civil *habeas corpus* filing, Appellant's petition was filed in the criminal division of the Mercer County Court of Common Pleas and docketed at Appellant's murder conviction docket number, 254-2004. On February 9, 2016, the trial

---

[2] Tammy Ferguson is the Superintendent at SCI Benner Township where Appellant is serving his sentence.

- 2 -

court denied Appellant's petition, and Appellant filed a timely appeal to this Court. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

In his *pro se* brief on appeal, which is predominantly a prolix statement of alleged trial court errors and inapposite legal authority, Appellant appears to argue that his petition should have been filed in civil court, that the criminal court lacked jurisdiction in this matter, and that his sentence is illegal. Appellant's Brief at 4; Appellant's Pa.R.A.P. 1925(b) statement of errors complained of on appeal. However, before we may reach the merits of these issues, we must address a jurisdictional matter.

It appears that the trial court, in an abundance of caution, addressed the merits of Appellant's challenges and found the issues meritless. Trial Court Opinion, 4/22/16, at 4-9. However, for the reasons that follow, we affirm the order denying relief, but we base that decision on our conclusion that Appellant's petition was merely an untimely PCRA petition. **See Commonwealth v. Doty**, 48 A.3d 451, 456 (Pa. Super. 2012) (holding that this Court is not bound by the rationale of the trial court, and may affirm the trial court's order on any basis).

As noted, Appellant's claims concern the trial court's jurisdiction and the legality of his sentence. These claims are cognizable under the PCRA. 42 Pa.C.S. § 9543(a)(2); and **see Commonwealth v. Butler**, 566 A.2d 1209, 1210 (Pa. Super. 1989) (stating that PCRA relief is permitted where it is established that the tribunal lacked jurisdiction), and **Commonwealth v.**

- 3 -

*Ruiz*, 131 A.3d 54, 60 (Pa. Super. 2015) (stating that persons serving illegal sentences may obtain collateral relief under the PCRA). Therefore, Appellant's petition for writ of *habeas corpus* should have been treated as a PCRA petition. *Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa. Super. 2013) (citations omitted). It is well settled that the PCRA is the sole means of obtaining post-conviction relief. *Id*.; 42 Pa.C.S. § 9542. Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a petition for writ of *habeas corpus*. *Taylor*, 65 A.3d at 466. "Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*." *Id*. Thus, it is well settled that any collateral petition raising issues with respect to remedies offered under the PCRA will be considered to be a PCRA petition. *Commonwealth v. Deaner*, 779 A.2d 578, 580 (Pa. Super. 2001).

Satisfied that we are addressing an appeal from the denial of PCRA relief, we review it under the following standards. When determining the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012).

We must now address whether Appellant satisfied the timeliness requirements of the PCRA. A PCRA petition must be filed within one year of the date that the petitioner's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. *Commonwealth v. Cintora*, 69 A.3d 759, 762 (Pa. Super. 2013).

A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[3] A

_____

[3] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in

petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Commonwealth v. Carr*, 768 A.2d 1164, 1167 (Pa. Super. 2001).

Our review of the record reflects that Appellant was sentenced on November 2, 2004, and Appellant did not pursue a direct appeal. Accordingly, Appellant's judgment of sentence became final thirty days later on December 2, 2004. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Therefore, Appellant had until December 2, 2005, in which to file a timely PCRA petition. 42 Pa.C.S. § 9545(b)(1). Herein, Appellant's petition was filed on February 5, 2016. Thus, the instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S.

*(Footnote Continued)* ──────────

this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

§ 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2). Our review of the record reflects that Appellant has not alleged, nor has he proven, that any of the three exceptions to the timeliness requirement of the PCRA is satisfied. 42 Pa.C.S. § 9545(b)(1).

After review, we conclude that despite the title of Appellant's filing and civil cover sheet, Appellant's petition was a collateral attack on his judgment of sentence, and it was properly filed and docketed in the criminal division. Moreover, because the issues Appellant raised were cognizable under the PCRA, Appellant's petition for writ of *habeas corpus* was in fact a PCRA petition requiring Appellant to satisfy the PCRA's filing requirements. *Taylor*, 65 A.3d at 465-466. As Appellant's PCRA petition was untimely and no exceptions apply, the trial court lacked jurisdiction to address the claims Appellant presented. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/20/2017